HOUSTON, treasurer, *v.* REDWINE.

Where pending an action in behalf of a corporation by its treasurer, to foreclose a mortgage, it expired by the limitation of its charter, and certain of its stockholders applied for a receiver, and the treasurer was appointed as such, he was entitled to be made a party plaintiff and to prosecute the case as receiver, for the interest of all persons concerned either as creditors or stockholders.

April 14, 1890.

Corporations. Receivers. Parties. Actions. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

Reported in the decision.

CANDLER, THOMSON & CANDLER and HILLYER & BROTHER, for plaintiff, cited Code, §§1688, 1689, 3487; 75 *Ga.* 793; 37 *Ga.* 611; 30 *Ga.* 580; Endlich on Building Associations, 494; 7 Phil. Rep. 785.

P. L. MYNATT, for defendant, cited Code, §§1684, 1688; 16 *Ga.* 346; 19 *Ga.* 338; 21 *Ga.* 513; 54 *Ga.* 474; 2 Mor. Corp. §§770, 1036; 86 N. C. 492; 32 Hun, 196; 58 N. Y. 562; 73 N. Y. 384; 11 Hun, 136; 23 Kas. 632; 30 Ill. 151; 2 Flip. 581; 123 Mass. 32.

BLANDFORD, Justice.

The record shows that pending this case in the court below, the Gate City Loan and Building Association, a body corporate, in behalf of which the action had been instituted by Houston, its treasurer, expired by the limitation of its charter; whereupon Houston, together with other stockholders, applied for a receiver, and Houston was appointed, and, as such receiver, applied to be made a party plaintiff. The court refused to make him a party plaintiff, and this is excepted to, and is the only error assigned.

We think that, under section 1688 of the code, he was entitled to be made a party plaintiff and to prosecute the case as receiver, for the interests of all persons interested either as creditors or stockholders. It is admitted that as such receiver he could bring an independent action, and if he could do this, we see no good reason why he should not have been made a party and allowed to prosecute the case. Our code declares that wherever there is a right there is a remedy, and wherever the legislature fails to point out a remedy for such right, it is the duty of the court to frame the remedy. Code, §3250. These views we think are sustained by the case of *Searcy* v. *Stubbs, receiver*, 12 *Ga.* 437; also by the case of Talmage v. Pell, 9 Paige Ch. Rep. 412.

*Judgment reversed.*