Louisville, Evansville and St. Louis, etc., R. R. Co. *v.* Summers, Adm'r.

mortgages, for an amount largely in excess of its value, and if joined with the foreclosure, a paragraph of complaint had been added, asking that the plaintiff be subrogated to the rights of the mortgagees whose claims had been paid by him, another question would be presented.

The conclusion of law that the appellant had no interest in the land, as against the mortgage, was not warranted by the facts found, and the judgment must, therefore, be reversed.

We are satisfied that the ends of justice will best be subserved by granting a new trial. Section 660, R. S. 1881; *Murdock* v. *Cox*, 118 Ind. 266; *Sinker, Davis & Co.* v. *Green*, 113 Ind. 264.

The judgment is reversed, with instructions to grant a new trial, and for further proceedings in accordance with this opinion.

·Filed April 9, 1892.·

---

No. 15,568.

# The Louisville, Evansville and St. Louis Consolidated Railroad Company *v.* Summers, Administrator.

PLEADING.—*Complaint.*—*Contributory Negligence.*—*Sufficiency of Averment as to.*—In an action to recover damages for personal injuries resulting in death, an averment in the complaint that the decedent was free from contributory negligence is sufficient, unless facts specially pleaded clearly show that he was guilty of contributory negligence.

VERDICT.—*General.*—*Special Finding.*—If the special findings can, upon any reasonable hypothesis, be reconciled with the general verdict, the latter will control. The court is bound to make every reasonable presumption in favor of the general verdict, which, of necessity, involves a finding upon every material question in issue. The court can not pre-

Louisville, Evansville and St. Louis, etc., R. R. Co. v. Summers, Adm'r.

sume anything in aid of the special findings, but is limited, so far as they are concerned, to the specific facts actually found.

NEW TRIAL.—*Motion for.*— *When Filed too Late.*—Where a case was tried at the May term, 1889, and the verdict was returned June 7th, 1889, the court adjourning for the term on June 8th, and the next term convened September 2d, 1889, a motion for a new trial filed on October 4th, 1889, was not filed in season. See section 561, R. S. 1881.

PRACTICE.—*Substitution of Defendant.*—*Railroad.*—*Consolidation of Companies.*—Where, in an action to recover damages for personal injuries against a railroad company, it was shown to the court by verified petition that after the commencement of the suit the then defendant corporation, with certain other railroad corporations, had merged and consolidated their respective rights and franchises, and had thereby formed a new and consolidated corporation, which had succeeded to all the rights and assumed all of the liabilities of all the original corporations, including the liability for the appellee's cause of action, it was proper for the court to permit the substitution of said new and consolidated corporation in place of the original defendant.

From the Harrison Circuit Court.

*N. R. Peckinpaugh, J. H. Weathers* and *H. C. Hays,* for appellant.

*R. J. Tracewell, M. W. Funk* and *C. L. Jewett,* for appellee.

McBRIDE, J.—The appellee, as administrator of the estate of David Underwood, deceased, brought this action to recover damages for the death of his intestate, who was a track-walker and watchman, employed by the original defendant, the Louisville, Evansville and St. Louis Railroad Company, and who was killed while in the discharge of his duty.

Four questions are discussed :

1. The sufficiency of the amended complaint.

2. Overruling appellant's motion for a judgment *non obstante.*

3. Overruling appellant's motion for a new trial.

4. The substitution of the appellant as defendant, by order of the court, after the return of the verdict.

Counsel, in their argument, only question the sufficiency

of the complaint in one particular. They insist that it does not show that the decedent was free from contributory negligence. In their discussion of this question they have undoubtedly had in mind certain facts disclosed by the evidence, but which do not appear in the averments of the complaint.

The complaint contains the general averment that the decedent was "without fault or negligence."

This is sufficient, unless facts specially pleaded clearly show that he was guilty of contributory negligence. *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196; *Pennsylvania Co.* v. *McCormack, post,* p. 250. No fact specially pleaded tends in any degree to show negligence on the part of the decedent.

Did the court err in overruling the appellant's motion for a judgment in its favor on the special findings of the jury, notwithstanding the general verdict?

Such a motion can only be sustained where there is irreconcilable conflict between them. If the special findings can, upon any reasonable hypothesis, be reconciled with the general verdict, the latter will control. See *Shoner* v. *Pennsylvania Co.,* 130 Ind. 170, where the authorities are cited. This is the rule where the special findings and general verdict can be reconciled with each other under any supposable state of facts provable under the issues, without reference to the evidence actually adduced on the trial. The court is bound to make every reasonable presumption in favor of the general verdict which, of necessity, involves a finding upon every material question in issue. The court can not presume anything in aid of the special findings, but is limited, so far as they are concerned, to the specific facts actually found.

It is entirely unnecessary to quote the special findings, or to consider them in detail. Measured by the foregoing rule, they fall far short of that which would justify disregarding the general verdict.

The circuit court did not err in overruling the motion.

The questions which the appellant seeks to present by the motion for a new trial can not be considered. The case was tried at the May term, 1889, of the Harrison Circuit Court. The verdict was returned June 7th, 1889. The court adjourned for the term June 8th, 1889. The next term of that court convened September 2d, 1889. The motion for a new trial was not filed until October 4th, 1889. The appellee at the time objected to the court permitting it to be filed, because too late, and still urges the objection.

" The application for a new trial may be made at any time during the term at which the verdict or decision is rendered ; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then on the first day of the next term of such court, whether general, special, or adjourned." Section 561, R. S. 1881.

The court erred in permitting the motion to be filed when it was filed. It has no legitimate place in the record, and we can not consider it.

The only remaining question is on the action of the court in permitting the substitution of the appellant before rendering judgment on the verdict, and in then rendering judgment against it.

It was shown to the court by verified petition that, after the commencement of the suit, the then defendant corporation, with certain other railroad corporations, had merged and consolidated their respective rights and franchises, and had thereby formed a new and consolidated corporation, which by such merger and consolidation had succeeded to all the rights, and assumed all of the liabilities of all the original corporations, including the liability for the appellee's cause of action then in litigation, and that the appellant was such consolidated corporation.

While objection was made to the substitution, the fact of such consolidation was not controverted.

The court did not err in ordering the substitution and in

rendering judgment against the appellant. *Indianapolis, etc.,
R. R. Co.* v. *Jones,* 29 Ind. 465; *Paine* v. *Lake Erie, etc ,
R. R. Co.,* 31 Ind. 283; *Jeffersonville, etc., R. R. Co.* v. *Hendricks,* 41 Ind. 48 (59).

Judgment affirmed.

Filed April 9, 1892.