AMELIA WAGNER *et al.* v. THE ATCHISON, TOPEKA &
SANTA FE RAILROAD COMPANY *et al.*

**No. 545.**  (58 Pac. 1018.)

RAILROADS—*Consolidation—Action against Original Company.*
"Where a railroad company is consolidated with other railroad
companies under a new name, it ceases to exist as a corporation,
and an action brought by or against such railroad company before
its consolidation cannot afterward be prosecuted by or against it
or in its original name." (*K. O. & T. Rly. Co. v. Smith*, 40 Kan.
192, 19 Pac. 636.)

Error from Sumner district court; J. A. BURNETTE,
judge.  Opinion filed November 20, 1899.  Affirmed.

*Bentley & Hatfield*, and *James Lawrence*, for plaintiffs
in error.

*A. A. Hurd*, and *F. W. Bentley*, for defendants in
error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was brought by plain-
tiffs in error, as plaintiffs, to recover possession of a
strip of land containing about five acres, used by de-
fendants in error as part of the right of way for their
railroad.  The case was tried upon an agreed state-
ment of facts, judgment rendered in favor of defend-
ants, and plaintiffs bring the case here.

The agreed statement of facts shows that the land
in suit had been legally condemned for the use of the
Le Roy & Western railway as a right of way, and that
the railway company did all things necessary under
sections 3 and 4 of chapter 68, General Statutes of
1897 (Gen. Stat. 1899, §§ 1320, 1321), to give it the
right to occupy the right of way and use it; that
within the time limited by law the plaintiffs appealed

from the award of the condemnation commissioners to the district court of Sumner county, and that the railway duly filed its right-of-way bond, which was approved by the county clerk of Sumner county ; that after such appeal had been taken and before it·came on to be heard in the district court the Le Roy & Western Railway Company, together with other railway companies in the state of Kansas, consolidated under the name of the Chicago, Kansas & Western Railroad Company, one of the defendants in this case, and that by said act of consolidation the Chicago, Kansas & Western Railroad Company. became the owner of all rights, franchises and property formerly appertaining and belonging to said Le Roy & Western Railway Company ; and that after such act of consolidation the appeal taken by plaintiff from the award of the condemnation commissioners came on for hearing in the district court of Sumner county before a court and jury.

The jury returned a verdict in favor· of the plaintiffs, awarding them the sum of $1132.65 as and for their' damages on account of such condemnation proceedings, and judgment was rendered thereon by said district court, confirming said award against the Le Roy & Western Railway Company, and for costs. Neither party to this action was ever made a party to said appeal in any way, and never took any part in the proceedings therein, and said sum of $1132.65 awarded by the jury against the Le Roy & Western Railway Company upon said appeal has never been paid, nor any part thereof. It also appears that after the consolidation the Chicago, Kansas & Western railway was leased to the Atchison, Topeka & Santa Fe Railroad Company, one of the defendants.

As the agreed statement of facts shows that the Le

Roy & Western Railway Compay did everything nec-
cessary under the law to entitle it to take the land in
suit and use it for a right of way, the plaintiffs must
look to the result of. their appeal for a basis of any
legal or equitable right to eject the railroad company.
It, therefore, becomes material for us to determine
whether the appeal was prosecuted to judgment. This
question is negatively answered by the case of *K. O. &
T. Rly. Co. v. Smith*, 40 Kan. 192, 19 Pac. 636, wherein
the supreme court held :

"Where a railroad company is consolidated with
other railroad companies under a new name it ceases
to exist as a corporation, and an action brought by or
against such railroad company before its consolidation
cannot afterward be prosecuted by or against it or in
its original name."

The agreed statement of facts shows that the suit
was brought before the act of consolidation, and that
no motion was at any time made to substitute the de-
fendants in this action for the Le Roy & Western Rail-
way Company, and that at the time the case came on
for hearing such railway company had ceased to exist
as a corporate entity. Any judgment rendered upon
such hearing would, therefore, be void. We must hold,
under the authority of the case cited, that the appeal
has never been determined, and the judgment of the
district court will, therefore, be affirmed.