CALVERT, WACO & BRAZOS VALLEY RAILWAY COMPANY ET AL. V.
L. W. DRISKILL.

Decided January 14, 1903.

**1.—Citation—Copy of Supplemental Petition.**

Service on a defendant outside the county of the forum, by delivering, with the citation, a copy of plaintiff's original petition, was sufficient to sustain judgment by default, though made without delivering a copy of an instrument, styled first supplemental petition, but which was a mere direction to issue citation to a county not named as defendant's place of residence in the original petition.

**2.—Citation—Return**

A citation will be presumed to have been returned in due time, where the court has acted on it by taking judgment by default, though it does not appear, by the citation, return, file mark, or otherwise, when it was returned.

**3.—Officer de Facto—Issuing Process.**

Judgment by default upon process issued by one who has acted for some time as a deputy clerk will be sustained, though no jurat appears to his oath of office on file.

**4.—Judgment by Default—Diligence.**

To set aside a judgment by default, where process and service were sufficient, defendant must show not only that he had a good defense, but a sufficient excuse for not presenting it.

**5.—Defunct Corporation—Judgment Against—Who May Complain.**

It would seem that only parties whose interest is affected thereby and those who are not in default in asserting their rights on the trial, can complain that judgment was rendered against a dissolved corporation.

**6.—Corporation—Dissolution—Consolidation—Judgment.**

It seems that consolidation of a defendant corporation with another by authority of special legislation (the Calvert, W. & B. V. Railway Co. with the International & G. N. Railway Co. under the special act of the Twenty-seventh Legislature) would not work such dissolution of its corporate existence as to prevent judgment against it in a pending suit.

**7.—Judgment—Motion to Set Aside—Judicial Discretion.**

A motion to set aside a judgment dismissing from the suit the complaining company, which had answered and was represented by attorney, and taking judgment by default against another defendant corporation which had been consolidated with it, and which had been cited but had not answered, was addressed to the discretion of the court, where filed after more than two days, and no error was committed in striking it out.

Appeal from the District Court of Falls. Tried below before Hon. Sam. R. Scott.

*Martin & Eddins* and *J. W. Spivy,* for appellants.

*Z. I. Harlan,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—L. W. Driskill brought this suit originally against the Calvert, Waco & Brazos Valley Railway Company, Hugh Burns, and J. G. Baker, alleging in substance that said Burns made a contract to do certain work in constructing said railway, and that said Baker was a subcontractor under Burns; that plaintiff

performed certain labor for said Baker on said road, and also became the owner of the claim of another laborer. He sued to recover the amount due on these claims, and to foreclose a lien on the road.

In the original petition, filed January 11, 1901, it was alleged that the defendant Baker resided in Limestone County. On January 11, 1901, citation in proper form was issued to Limestone County for J. G. Baker, and a constable of that county immediately returned said citation not executed because said Baker was not in Limestone County, but in Navarro County.

On January 16, 1901, plaintiff filed what was styled "first supplemental petition," which was in fact no more than a statement that said Baker had changed his residence from Limestone County to Navarro County, and requisted that citation issue to said county.

Citation was issued to Navarro County for said Baker on January 30, 1901, which directed the officer to deliver to him the "accompanying certified copy of plaintiff's original and amended original petition." The return on said writ states that it was executed "by delivering to J. G. Baker, the within named defendant, in person, a true copy of this citation, together with the accompanying certified copy of plaintiff's original petition."

Proper service was had upon the defendants Burns and the Calvert, Waco & Brazos Valley Railway Company.

On May 30, 1901, plaintiff filed his second supplemental petition, making the International & Great Northern Railroad Company defendant, alleging that by virtue of a special act of the Legislature, since the institution of the suit, said company had purchased all of the property and franchises of the Calvert, Waco & Brazos Valley Railway Company, and was then in possession of the same and was liable for all of its obligations, and prayed for judgment against said International & Great Northern Railroad Company in the same manner as against the other defendants.

On June 10, 1901, the International & Great Northern Railroad Company filed an answer, consisting of a general demurrer and general denial.

On January 21, 1902, defendant Burns answered by a general denial and a special plea alleging that plaintiff and defendant Baker were partners, and as such, were subcontractors under him, and that he had fully settled with said partnership for all work performed.

Plaintiff filed a third supplemental petition, denying under oath the allegation of partnership.

No answer was filed by defendant Baker, nor the Calvert, Waco & Brazos Valley Railway Company.

The case was called for trial on January 21, 1902, and the defendants Burns and the International & Great Northern Railroad Company appeared. Whereupon plaintiff dismissed his suit as to said defendants, and judgment by default was entered against defendants Baker and the Calvert, Waco & Brazos Valley Railway Company, jointly and severally,

for $110.83, with a foreclosure of the laborer's lien upon the railroad constructed by said company.

On January 23, 1902, the defendant Baker filed a formal motion to set aside the judgment by default because he was never properly cited.

On February 27th he filed an amended motion, asking that the judgment be set aside for several reasons and alleging that he had a good defense. Attached to the motion are the depositions of said Baker, which seem to have been taken in the case at the instance of some of the other defendants, in which he testifies, in effect, that he and plaintiff were partners in the contract made with Burns, and that Burns had fully settled with them, and for that reason, none of the defendants were indebted to plaintiff.

On February 26, 1902, the International & Great Northern Railroad Company filed a motion to set aside the judgment dismissing it from the suit and the default judgment against its codefendant the Calvert, Waco & Brazos Valley Railway Company. In this motion, the proceedings by which said defendant was made a party are recited, and attached to it as exhibits are certified copies of the various resolutions conveyances, etc., by which the property and franchises of the Calvert, Waco & Brazos Valley Railway Company were transferred to the International & Great Northern Railroad Company, according to the provisions of a special act of the Twenty-seventh Legislature for that purpose. It was alleged that the International & Great Northern Railroad Company was the real party at interest; that it had prepared to defend said case, and that it was prevented from doing so by the judgment of dismissal, and that it will be responsible for the judgment, and accordingly asks that said judgment be set aside.

Plaintiff moved to strike out the motion of the International & Great Northern Railroad Company, because it was not filed within two days after the judgment, and it was by the court stricken out.

The amended motion of defendant Baker was heard on March 1, 1902, and overruled. The defendants Baker and the International & Great Northern Railroad Company have appealed.

The first assignment of error raises the question of the sufficiency of the service upon defendant Baker. It is claimed that the return of the sheriff, showing only the service of the original petition, after the first supplemental petition had been filed, was insufficient. The return was sufficient. The new pleading was, in effect, only an application to issue citation to a different county, and it was not necessary to serve a copy of this upon the defendant. Gilmour v. Ford, 19 S. W. Rep., 442; Rev. Stats., art. 1227.

The second assignment complains of the judgment by default against Baker, because it was not shown that the citation served upon him was returned to the court on the first day of the next term or before judgment was entered. The citation was issued January 30, 1901, returnable June 10, 1901. It was executed by the sheriff of Navarro County January 31, 1901, and it was his duty under the law to return it to the

first day of the next term of court. It appears to have been acted upon by the court in rendering judgment, and we think that no error is shown by this assignment.

In the third assignment it is contended that the judgment should have been set aside, because the deputy district clerk who issued the citation to defendant Baker was not authorized to act as such deputy. It appeared that Bartlett, the deputy, had been regularly appointed, and had subscribed the oath of office, but the same had no jurat attached to it and had not been recorded. It also appeared that he had been regularly performing the duties of such deputy and was recognized as such by the court. It is clear that he was at least a de facto officer.

The fourth assignment complains of the refusal to set aside the judgment, because a good defense was shown. Having held that the service was sufficient upon the defendant Baker, even if defendant showed a good defense, we think the motion should have offered some excuse for not presenting the defense when the case was called for trial. No excuse is shown for the delay of this defendant in presenting this defense. Watson v. Newsham, 17 Texas, 437.

The fifth, sixth and seventh assignments present the question of the validity of the judgment against the Calvert, Waco & Brazos Valley Railway Company after the transfer of its franchises and property to the International & Great Northern Railroad Company. It is insisted, that, by this sale, which merged the old corporation into the new, there was a virtual dissolution of the old company, and that the suit against it abated. The old corporation has not appealed. If it was dead, of course, it could not appeal. We can not see clearly how the defendant Baker is interested in or affected by the judgment against the Calvert, Waco & Brazos Valley Railway Company. If he is not, and there was no error in striking out the motion of the International & Great Northern Railroad Company, then these questions are really not necessary to be determined.

But conceding that the appellant's are entitled to raise the question, we do not believe the facts showed such a dissolution of the old corporation as would operate to abate the suit. If the old corporation was actually dissolved, the suit would undoubtedly abate. Life Association v. Goode, 71 Texas, 90. There is some conflict of authority on the effect of such a merger of one corporation into another as shown by the motion in this case, and we have seen no decision in our State directly in point.

Judge Thompson, in speaking of the effect of a consolidation of corporations upon pending suits, says: "The consolidation does not destroy either of the precedent corporations, in such a sense as works an abatement of actions pending against them and requires the plaintiff in such actions to begin anew against the consolidated company. * * * Ordinarily it is not such a dissolution of either of the precedent corporations as will abate an action commenced by or against it before the consolidation was effected. It has been reasoned that, as to pending suits, the original corporation continues to exist for the purpose of

judgment,—that as to them it has not lost its individuality or identity."
Thomp. on Corp., sec. 400.

In another section, the same author cites the case of Indianola Railway Co. v. Fryer, 56 Texas, 609, and says: "In Texas, the view is that the consolidation extinguishes the precedent companies, so that thereafter no action can be commenced and prosecuted against them. This view seems to be a sound one as to actions commenced after the consolidation, but not as to actions pending before it." Thomp. on Corp., sec. 395.

The following cases are more or less directly in point, and sustain the position taken by this author: Railway Co. v. Evans, 6 Heisk. (Tenn.), 607; Railway Co. v. Mussellman, 2 Grant Cas. (Pa.), 348; Hanna v. Railway Co., 20 Ind., 30; Shackelford v. Mississippi, etc., Railway Co., 52 Miss., 160. The case of Kansas, etc., Railway Co. v. Smith, 40 Kan., 192, holds the contrary view.

This suit was pending before any of the steps were taken to merge the old company into the new, and we do not believe the suit should abate as to the original defendant because of these proceedings; but that the life of the corporation continued, at least for the purpose of having judgment rendered against it.

The seventh assignment of error complains of the action of the court in striking out the motion of the International & Great Northern Railroad Company, because not filed within two days after the rendition of the judgment. This was a matter left largely to the discretion of the trial judge, and will not be revised unless a clear abuse of the discretion has been shown. This defendant was represented in the court, and appeared in the case at the time the judgment was rendered, and does not appear to have made any objection. It suffered itself to be dismissed from the case and saw the judgment rendered against its codefendants, and interposed no objection. It delayed more than a month before filing its motion to set aside the judgment. Under these circumstances, we are unable to say that the lower court abused its discretion in striking out the motion.

Having found no error, the judgment is affirmed.

*Affirmed.*