**COMBINATION FOUNTAIN CO. v. ROGERS. (No. 988.)**

(Court of Civil Appeals of Texas. Amarillo. May 10, 1916. Rehearing Denied May 31, 1916.)

1. APPEAL AND ERROR ⬅957(1)—JUDGMENT ⬅139—JUDGMENT BY DEFAULT—VACATION —REVIEW.

While the matter of setting aside a judgment by default is largely within the discretion of the trial court, it is the duty of appellate courts to revise the exercise of such discretion, when it is clear that it has been abused by the trial judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3823; Dec. Dig. ⬅957(1); Judgment, Cent. Dig. §§ 265–268; Dec. Dig. ⬅139.]

2. APPEAL AND ERROR ⬅957(1)—JUDGMENT BY DEFAULT—VACATION—ABUSE OF DISCRETION.

Where a judgment by default has been opened by the trial court, a stronger case, showing an abuse of discretion, is required for reversal on appeal, than where a trial on the merits has been denied.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3823; Dec. Dig. ⬅957(1).]

3. TRIAL ⬅156(3)—DEMURRER TO EVIDENCE —ADMISSION.

A demurrer to the evidence admits every fact and conclusion that the evidence tends to prove; that is, which a jury could legally infer from the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 356; Dec. Dig. ⬅156(3).]

4. JUDGMENT ⬅143(7) — JUDGMENT BY DEFAULT—VACATION—DISCRETION OF COURT.

Where defendant in an action requested an attorney to represent him, but the attorney, who was about to use the telephone and had his attention directed to other business, failed to grasp the direction and took no steps, so that judgment went against defendant by default, the trial court did not abuse its discretion in vacating such judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 276; Dec. Dig. ⬅143(7).]

Appeal from Dallas County Court at Law; T. A. Works, Judge.

Suit by the Combination Fountain Company against Cecil Rogers and others. From a judgment for the named defendant, setting aside a default judgment previously rendered against him, reinstating the cause upon the docket, expressly granting defendant permission to file his answer, and ordering the case to be tried as if answer had been originally filed, plaintiff appeals. Judgment affirmed.

Burgess, Burgess, Germany & Chrestman, of Dallas, for appellant. Jones & Laney, of Dallas, for appellee.

HALL, J. On February 27, 1914, the Combination Fountain Company sued A. J. Foster, J. A. Duckett, C. L. McNess, and appellee, charging that appellee and Foster were, on certain dates, copartners, doing business under the name of Southern Sales Company, and that they were afterwards succeeded by defendants Duckett and McNess, who also operated under the same name. Citations were duly issued and served upon each of the defendants, requiring them to answer at the May term of the court, 1914, at which term, on May 7th, default judgment was rendered against appellee, Rogers, which was thereafter made final on September 11, 1914, at the same time judgment was rendered against his codefendants. The terms of the county court at law of Dallas county, in which the judgment was rendered, beginning with the May term, 1914, began and ended during said year as follows: What is known as the May term commenced the first Monday in May and ended Saturday before the first Monday in July; the next term commenced the first Monday in July and ended Saturday before the first Monday in September; the next term commenced the first Monday in September and ended before the first Monday in November; the last term commenced the first Monday in November and continued until the end of the calendar year. During the November

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

term of court, 1914; a writ of execution was issued upon the judgment, and thereafter, on the 23d day of November, 1914, appellee filed his bill of review and petition for injunction. A temporary writ of injunction was granted, upon condition that bond for $1,500 be given by appellee, which was duly executed, and thereafter appellant filed its verified answer and motion to dissolve the injunction and dismiss the petition and bill of review. Appellant later filed an amended motion to dissolve, which motions were originally sustained by the court, to which ruling the appellant excepted. On June 17, 1915, there was a trial before the court and jury, in which the evidence hereinafter set out was given, and plaintiff rested his case, whereupon appellant demurred to the evidence. The court overruled the demurrer and rendered judgment, setting aside the default judgment previously rendered against appellee, and reinstating the cause upon the docket of the court, expressly granting appellee permission to file his answer, and ordering the case to be tried as if answer had been originally filed. It is further decreed that the injunction theretofore issued, restraining the execution against appellee, be made permanent. This appeal is from the last-named judgment.

The bill of review shows upon its face that appellee had a good defense to appellant's cause of action. The principal question to be considered is: Did appellee show a lack of diligence, and was he negligent after citation was served upon him, to such an extent that the court should not have granted him relief? Appellee's evidence bearing upon this issue is as follows:

"I was one of the defendants in the case of Combination Fountain Co. v. Southern Sales Co., and was served with a citation in that case. I spoke to Mr. Laney [an attorney] about it. He was looking after it; said he would look after it for me. I told him I had been served with a paper in regard to that suit of Foster's, and I knew he was representing Foster in the matter, and I wanted him to look after my end of it for me. When I was first served with an execution to be levied on my property, I found out that he was not looking after it. This is the first I knew there was any judgment in the case. I then phoned to Mr. Laney and wanted to know why he had not looked after it. I did not pay Mr. Laney any fee for representing me in that case. I did not, because I had employed attorneys to do work that way for me and have a statement for their services rendered to me later. Certainly, I expected to pay him. Mr. Laney had represented me in other matters. He had been working for the drug association, and I have had him to represent me in that way, and whatever his fee was, he would render a statement for it. * * * At the time I was served with citation, I spoke to Mr. Laney about it and asked him to represent me. I spoke to him about it again some time when this paper was served upon me in November; that is, six months from May to November. You can reckon it up."

Attorney C. O. Laney testified in part as follows:

"Mr. Rogers spoke to me about this original case—the first case of the Combination Fountain Company. He talked to me in his place of business at the corner of Ervay, Elm, and Live Oak streets, this city. I did not understand, from the conversation we had, that he expected me to look after the case for him. He told me about the case; rather, he said he had been served with citation, and asked me as to the liability. I was waiting to use the telephone, and his statement— I do not remember now all the conversation in detail, because I was waiting to talk over the phone. I know we talked over the details of the case, and I told him I was representing Foster, another defendant in the case. I did not understand him to ask me to look after the case for him. I went in there to use the telephone, and Mr. Rogers came around to me, and we just got to talking about it. I did not look after it, because I did not understand that he had employed me."

[1, 2] While the matter of setting aside a judgment by default is largely within the discretion of the trial court, it is the duty of appellate courts to revise the exercise of such discretion when it is clear that it has been abused by the trial judge. Janes v. Langham, 33 Tex. 604; Calvert, etc., Ry. Co. v. Driskill, 31 Tex. Civ. App. 200, 71 S. W. 997. The rule is that, where default has been opened by the trial court, a stronger case showing an abuse of discretion is required for a reversal in this court than where a trial on the merits has been denied. Watts v. Bruce, 31 Tex. Civ. App. 347, 72 S. W. 258.

[3] As stated, appellant demurred to the evidence. "The effect of a technical demurrer to the evidence, on the part of the defendants (which is practically obsolete), is to admit the truth of plaintiff's evidence and every legitimate inference to be drawn therefrom, and to withdraw the case from the jury, if the trial is with a jury, * * * and to call for the judgment of the court as to plaintiff's right to recover. If the demurrer is joined in by the plaintiff, there is nothing to be done except for the court to pass judgment on the facts thus shown." Ward v. Walker, 159 S. W. 320. "Now, it is well settled that a demurrer to the evidence admits every fact and conclusion that the evidence tends to prove, or, in other words, which a jury could legally infer from the evidence." Hanna v. Atchison, 141 S. W. 190.

[4] Under the rules stated, appellee requested Laney to represent him as his attorney, and we must infer that, while he thought Laney heard him, as a fact Laney did not understand that he was employed. This inference is reasonable from the fact, which the demurrer admits, that Laney was in appellee's place of business for the purpose of using the phone, and his attention was directed to the business he had in hand. But for the demurrer we are not prepared to say that the court was correct in opening the default. However, in the state of this record, we are not prepared to hold, under the admission of the truth of the facts stated, and the inferences to be drawn therefrom, that the trial court abused its discretion to such an extent as to justify us in reversing the judgment.

The matters discussed are presented in assignments numbered from 1 to 10, excepting the third assignment, which in the brief follows the tenth assignment. This method violates the last requirement of rule 29 (142 S. W. xii), but we have nevertheless considered the assignment and think it is without merit.

The judgment is therefore affirmed.