**DICKINSON v. REEDER. (No. 7389.)**

Court of Civil Appeals of Texas. Austin. Nov. 6, 1929.

Critz & Woodward, of Coleman, for appellant.

Crager & Dickey, of Ballinger, for appellee.

BLAIR, J. On January 24, 1928, appellee sued appellant in trespass to try title to recover certain lands. At the February term, 1928, Senator Walter C. Woodward, as attorney for appellant, delivered to Mr. A. K. Doss, as attorney of record for appellee, appellant's original answer, under agreement that it would be regarded as filed and could be actually filed with the clerk at any time prior to trial. The case was continued for the next two terms by agreement of counsel, and these counsel also agreed to continue the case for the February term, 1929, due to the fact Senator Woodward was then actively engaged in his legislative duties as state Senator. Subsequently, about January 1, 1929, due to the serious illness of Mr. Doss and his entire family, the law firm of Messrs. Crager & Dickey was employed by appellee and on February 7, 1929, by letter addressed to "Hon. Walter Woodward, Senate Chamber, Austin, Texas," they informed him for the first time of their employment in this case, and wrote as follows:

"I am sorry to say that there is another case pending on the docket also in which I understand you are interested, to-wit: Reeder vs. Dickerson, in which we now represent plaintiffs and after a conference with these parties, they also insist upon a trial at this term of court.

"Mr. Doss informs me that he had an agreement which we shall respect and carry out gladly; but our clients insist on a trial at this term of court. I will further agree with you on any kind of a setting of the case to suit your convenience during the term of this court."

A telegram of even date to Senator Woodward reads as follows: "Clients demand trial cases Reeder vs. Dickinson Mitchell vs. Ash. Letter follows."

On February 9, 1929, Messrs. Crager & Dickey addressed another telegram to Senator Woodward, reading as follows: "Agreeable to set cases 25th. Will wire Court's attitude."

On February 17, 1929, the trial judge wrote Senator Woodward as follows: "Would be glad if you could be at Ballinger and try some of your cases, but, if you cannot you have right to continuance under the law recently passed. The second and fourth weeks of Ballinger court will be given to criminal business and it looks as if we will have enough to consume the time after your cases are continued."

On February 21, 1929, Crager & Dickey wrote as follows:

"Messrs. Critz & Woodward, Attorneys at law, Coleman, Texas. In Re: Mitchell vs. Ash. Reeder vs. Dickinson. Gentlemen: Our clients in the above styled cause are clamoring for trial and the court has indicated that his attitude would be, in as much as Mr. Critz was not busy in the Legislature, that he would give us a trial on the date the cases were set.

"Our attitude in the matter at the insistence of our clients will be that of demanding trial."

On February 22, 1929, Mr. Critz of the firm of Critz & Woodward, wrote Messrs. Crager & Dickey that he knew nothing about the case, Mr. Woodward having handled it from the beginning, and that "I will insist upon a continuance of the cases as provided by the law passed by the present session of the Legislature."

On February 23, 1929, Senator Woodward duly filed appellant's motion for a continuance, based upon the act of the Forty-First Legislature (Gen. & Sp. Laws 41st Leg. [1929] c. 7) authorizing continuance of causes where a member of the Legislature is attorney for either party. Judgment by default was rendered on February 25, 1929, and on the same day Crager & Dickey wrote Senator Woodward, in part, as follows:

"In re cause No. 3478. D. Reeder vs. Mrs. Alis Dickinson.

"Dear Sir: We beg to advise that the above entitled cause was called for trial this morning in the District Court here, pursuant to the setting of the case, as we had heretofore advised you. At the time your motion for a continuance was called to the attention of the court and was overruled by him and held as naught, because of the fact that no answer or defense had been set up in this case. The court requested that we file an answer excepting to your motion, which we did. The matter stood on the docket subject to being dismissed for want of prosecution, if we did not proceed, and we therefore took judgment in the case; thereafter proving up the record title in our clients, and judgment was entered, awarding the land in controversy to D. Reeder."

On February 26, 1929, appellant filed her motion to set aside the default judgment and by amended motion, filed March 9, 1929, pleaded the above facts as excuse for not appearing and filing answer, and attached the original answer delivered to Mr. Doss as pleading a meritorious defense. This motion was heard on March 9, 1929, the last day of the term at which the default judgment was rendered, and was overruled by the court; hence this appeal.

The default judgment should have been set aside and the new trial granted. Certainly appellee could not deny the agreement of his counsel to consider the answer filed, although sickness afterwards compelled him to employ other counsel, and the letter of the trial judge to Senator Woodward could only be interpreted to mean and to instruct him that, if he filed a motion for continuance by virtue of the statute concerning continuance

of cases in which a member of the Legislature might be attorney for either party, it would be granted. It is true that neither the trial judge nor Messrs. Crager & Dickey knew that appellant's answer had been delivered to Mr. Doss under the agreement above stated at the time the default judgment was rendered; but, upon proof of that fact on the motion for a new trial, it became the duty of the trial judge to grant the motion under the well-settled law that any act or agreement of a plaintiff which causes a defendant to relax diligence is excuse for failure to present a meritorious defense, and that a default judgment should be set aside upon showing of such reasonable excuse and a meritorious defense. Keller v. Young (Tex. Civ. App.) 186 S. W. 405; Combination Fountain Co. v. Rogers (Tex. Civ. App.) 186 S. W. 407; Dancy & Co. v. Rosenberg (Tex. Civ. App.) 174 S. W. 831; Hovey v. Halsell-Arledge Cattle Co. (Tex. Civ. App.) 176 S. W. 897; Miller v. First State Bank & Trust Co. (Tex. Civ. App.) 184 S. W. 614; Hester v. Baskin (Tex. Civ. App.) 184 S. W. 726.

Appellant attached to and made it a part of her motion to set aside the default judgment the original answer delivered to Mr. Doss, then attorney for appellee. It consisted of a demurrer, a denial, a plea of not guilty, a plea of the 10-year statute of limitations, and lack of authority of appellee's grantor to convey the property in question, and prayed for cancellation of this conveyance, which of course pleaded a meritorious defense. And appellant even went further and introduced proof which, if believed on the trial of the merits, would establish at least a part of the defenses plead.

We therefore reverse the judgment and remand the cause for trial on its merits.

Reversed and remanded.