33592, 33593.   ATLANTA NEWSPAPERS INC. *v.* DOYAL
*et al.*

DECIDED MAY 23, 1951.   REHEARING DENIED JUNE 7, 1951.

*Arnold, Gambrell & Arnold, James A. Branch, Thomas B. Branch Jr.,* for plaintiff in error.

*Houston White,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ ■ The Corporation Act of 1938 (Ga. L. 1937-38, p. 214 et seq.; Code, Ann. Supp., §§ 22-1837, 22-1853) provides for the merger and consolidation of two or more corporations into distinct corporate entities and outlines the procedure by which this may be accomplished. Code (Ann. Supp.) § 22-1844 provides that when two or more such corporations are consolidated the separate existence of the constituent corporations shall cease and the consolidated corporation become one corporation; that the consolidated corporation shall, with specified exceptions related to tax matters, be vested with all the real and personal property of the constituent corporations, all choses in action, rights, privileges, powers, franchises and immunities, and shall likewise be encumbered with all the debts, liabilities and duties of the respective former corporations. It also provides in part as follows: "All rights of creditors . . shall be preserved unimpaired, limited in lien to the property affected by such liens at the time of the merger or consolidation; and all debts, liabilities and duties of the respective former corporations shall thenceforth attach to said consolidated corporation and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred by it."

Code (Ann. Supp.) § 22-1879 provides that if any corpora-

tion "becomes dissolved by the expiration of its charter or otherwise" the names of the trustees or receivers of such corporation may be substituted as parties of record, but the action shall not abate. Pending actions are not specifically listed in Code § 22-1844 dealing with the rights and liabilities of consolidated corporations. It is contended by counsel for the plaintiff in error that this action has abated for the reason that the Atlanta Journal Company no longer exists and there is no authority of law permitting the survival of the pending action against Atlanta Newspapers Inc. In the absence of statutory authority, actions in tort abate upon the death of the party. See *Davis* v. *Atlanta Gas Light Co.*, 82 *Ga. App.* 460 (61 S. E. 2d, 510). In the absence of statutory authority, the dissolution of a corporation by the expiration of its charter or otherwise pending a suit against it abates the action. See *Venable Bros.* v. *Southern Granite Co.*, 135 *Ga.* 508 (1, 2) (69 S. E. 822); *Trust Co. of Ga.* v. *Mortgage Bond Co. of N. Y.*, 203 *Ga.* 461 (1) (46 S. E. 2d, 883). In some jurisdictions it has been held that a corporation upon consolidation becomes absolutely defunct, and cannot afterwards continue to prosecute or defend any action in its original name. Kansas, O. & T. Ry. Co. v. Smith, 40 Kan. 192 (19 Pac. 636); Wagner v. Atchison &c. R. Co., 9 Kan. App. 661 (58 Pac. 1018). However, "it is generally held that, even in the absence of a saving statute, the consolidation of two or more existing corporations under legislative authority will not work a dissolution of such corporations in such a sense as to abate all pending actions by or against them." See 1 C.J.S., Abatement and Revival, § 102; 1 Am. Jur. p. 58, Sec. 55; 10 Cyc. 311; Baltimore & S. R. R. Co. v. Musselman, 2 Pa. (Grant) 347; East Tenn. & Ga. R. R. Co. v. Washington Evans, 6 Heiskell (Tenn.) 607; Calvert W. & B. V. Ry. Co. v. Driskill, 31 Tex. Civ. App. 200 (71 S. W. 997). Where the fact of consolidation is not controverted, it has frequently been held that an order substituting the consolidated corporation for the original corporation is not error. Louisville, E. & St. L. Consolidated R. Co. v. Summers, 131 Ind. 241 (30 N. E. 873); Kinion v. Kansas City F. T. S. & M. Ry. Co., 39 Mo. Ct. of App. 382. In cases of consolidation such as this, the new corporation by "vital succession or new creation", as Mr. Justice Bleckley, speaking for our Supreme

Court, termed it, takes on a new existence of its own, and the former corporations expire completely, save for such qualified existence as may be provided for by legislative act or the charter of the new company. See *State of Ga.* v. *Atlantic & Gulf R. Co.,* 60 *Ga.* 269, 276. Where the act of the legislature authorizing the consolidation expressly provides that each consolidating company shall continue liable to third persons for the obligations it had undertaken, substitution as a party defendant of the new company, without notice or opportunity to be heard, is error. *Selma, Rome & Dalton R. Co.* v. *Harbin,* 40 *Ga.* 706; Ga. L. 1866, p. 124. But "where two corporations effect a consolidation, and one of them goes entirely out of existence and no arrangements are made respecting its liabilities, the resulting consolidated corporation will, as a general rule, be entitled to all the property and answerable for all the liabilities of the corporation thus absorbed." *Atlantic & Birmingham Ry. Co.* v. *Johnson,* 127 *Ga.* 392 (56 S. E. 482); *Tompkins* v. *Augusta Southern R. Co.,* 102 *Ga.* 436 (30 S. E. 992). As stated in the former case, on page 396: "A new corporation is formed, but not in the sense which works a destruction of the rights of action existing against the old one."

Code (Ann. Supp.) § 22-1844 expressly provides that "all debts, liabilities and duties of the respective former corporations shall thenceforth attach to said consolidated corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred by it." An agreement ratified by the stockholders of the respective former corporation stockholders and made a part of the petition for consolidation here provides that "all rights of creditors and all liens on the property of either of said former corporations shall be preserved unimpaired. . ." A claim for unliquidated damages in a tort action is a "debt". See *Jones* v. *Womack,* 53 *Ga. App.* 741 (187 S. E. 285); 15 C. J. 1374. One against whom slanderous words are uttered is, in legal contemplation, a creditor from the time of their utterance. See *McVeigh* v. *Harrison,* 185 *Ga.* 121, 129 (194 S. E. 208). It is thus evident that, under both the general rule in the absence of express provision and also by express provision both by statute and stockholder agreement, Atlanta Newspapers Inc. assumed this debt or liability of the Atlanta Journal Company.

It is conceded by counsel for plaintiff in error that if the present suit abated immediately upon the effective date of the consolidation the action may be re-brought against Atlanta Newspapers Inc. It is contended that the present suit abated because of the death of the Atlanta Journal Company and that the name of Atlanta Newspapers Inc. cannot be substituted because there is no express provision of law for such action and because such substitution is prevented by Code § 81-1303 providing that no amendment adding new and distinct parties shall be allowed unless expressly provided by law. However, it is provided by statute that the debts and liabilities of the former corporations *may be enforced against the consolidated corporation to the same extent* as though incurred by it. The method pursued in the first instance to enforce this liability was a suit against the Atlanta Journal Company, the corporation which incurred it. However, in view of the consolidation of that corporation with another, this liability has now attached to Atlanta Newspapers Inc. and may be enforced against it to the same extent as though it had been incurred by it. The liability referred to herein is a pending action for damages growing out of an alleged libel which has been adjudicated as stating a cause of action. Provision for its enforcement against the new corporation is specifically made by law. It cannot be thus enforced if it must abate. It nevertheless will abate if it cannot proceed against the corporation to which the liability has attached. It cannot thus proceed if that corporation is not named in the proceeding. It follows, therefore, that this express provision for the enforcement of the liability is ample authority of law for naming Atlanta Newspapers Inc. a party defendant to this action. The action has not abated and the plaintiff in error is the proper party.

It is well settled by our Code § 3-404 that where it becomes necessary or proper to make *new parties* in a pending suit a rule nisi must first issue. The purpose of this law is to give such new party notice. The plaintiff in error here is not a new party and was in possession of all knowledge it could have acquired had such a rule issued. Where, as in *Selma, Rome & Dalton Railroad Co.* v. *Harbin,* supra, the new corporation has by statute been absolved from the liabilities of the former corporations, but has by contract nevertheless assumed them, a rule

nisi is necessary before the new corporation is made a party, for under such a circumstance both corporations exist simultaneously for different purposes. By statute and charter agreement here, the consolidating corporations continued to exist after May 31, 1951, for purposes of tax exemptions only. In every other respect they ceased to exist. Nevertheless, after May 31, 1951, the newspaper defendant in this libel suit prosecuted a motion for rehearing in the Court of Appeals; it petitioned for writ of certiorari to the Supreme Court, it took depositions of witnesses, and it filed a motion in the trial court seeking to have the Atlanta Journal Company stricken as a party defendant. These things were done in the name of the Atlanta Journal Company (designated in the last mentioned motion only as "the other defendant"), but the Atlanta Journal Company had already ceased to exist as such. It had not become defunct in the manner of a corporation whose charter had expired, but had become, *in toto* a vital but inseparable part of Atlanta Newspapers Inc. As was said in *Atlantic & Birmingham Ry. Co.* v. *Johnson*, 127 *Ga.* 392 (supra), and reiterated in the very comprehensive written opinion of the trial court: "The consolidation of two or more corporations is like the uniting of two or more rivers; neither stream is annihilated, but all continue in existence. A new river is formed, but it is a river composed of the old rivers, which still exist, though in a different form. So it is with a consolidated corporation. A new corporation is formed, *but not in the sense which works a destruction of the rights of action existing against the old one.*" (Italics ours.) Accordingly, the corporate defendant continued to exist, although in a different form, and although its existence as such corporation ceased. Before calling the court's attention to the fact that its form, name and identity had been changed, it undertook to perform several important acts in connection with the defense of this case. The corporation in whose behalf these acts were purported to have been committed had ceased to exist, but the existence of the liability it had incurred was continuous and uninterrupted. The moment the consolidation order was filed terminating the corporation that incurred the liability was the moment that liability became attached to the consolidated corporation. These acts in defense of that liability, therefore, although

purported to have been committed in behalf of one of the consolidating corporations, was nevertheless actually committed on behalf of the Atlanta Journal Company was therefore an act the time of the commission of the acts. Every act amounting to a display of existence purported to have been committed on behalf of the Atlanta Journal Company was therefore an act of Atlanta Newspapers Inc., it being the new form into which the Atlanta Journal Company had by its own ex parte action resolved itself. This being so, it cannot be said that the motion filed in the trial court to strike the name "The Atlanta Journal Company" was not a motion filed under authority of Atlanta Newspapers Inc., or that this latter corporation was, for the purposes of this lawsuit, a third party divorced from the proceedings, to whom notice would have to be given. It was impossible here for the right hand to be ignorant of what the left hand was doing in the defense of the lawsuit, it being in fact one entity for this purpose at all times subsequent to the date of consolidation. It was held in *Houston* v. *Redwine*, 85 *Ga.* 130 (11 S. E. 662) that since the receiver of a defunct corporation would have had the right to bring an independent action, he should have been allowed to be made a party to a pending action in order to prosecute the case because "wherever there is a right there is a remedy, and wherever the legislature fails to point out a remedy for such right, it is the duty of the court to frame the remedy."

The corporate defendant in this action had the right to bring the consolidation proceedings to the attention of the court and suggest that the name "The Atlanta Journal Company" be stricken. This action could result only in the substitution of the name "Atlanta Newspapers Inc.", the action itself not abating. The motion having been initiated by the corporate defendant, and "The Atlanta Journal Company" having ceased to exist as such, the consolidated corporate defendant cannot complain that it was a bona fide third party entitled to a show-cause order before being brought into court. So far as this lawsuit was concerned, the only change was a change of name. We adopt the view expressed in Kinion *v.* Kansas City, F. T. S. & M. Co., supra, in approving a direct substitution of corporate names in a similar case: "If John Smith is sued and during the pendency

of the suit he has his name changed to John Jones, a claim that he, as John Jones, must be brought into court by additional summons would be somewhat novel."

The order of the trial court is not erroneous on the ground that no rule nisi issued previous to its granting.

■ A corporation is subject to death, as is a natural person. It may bankrupt, its charter may expire, or it may be abandoned. As with natural persons, such death does not involve the idea of immediate and visible resurrection, and when it does occur statutory provision against the abatement of pending actions has been made. Code (Ann. Supp.) § 22-1879. When the statute relating to consolidation says that the constituent corporations shall "cease to exist", it does not mean that the corporate powers become absolutely defunct, but that the corporations cease to exist in their previous corporate forms. This fits well with the theory of "vital succession" expressed in *State of Ga.* v. *Atlantic & Gulf R. Co.*, supra, because there is no moment of time in which the corporate business is not being carried on, under one name or the other. The charter of the consolidated corporation indicates that it is empowered to remain in the newspaper publishing business. It is therefore in position to again inflict the same wrong through the same medium. Not only is its position in this regard unchanged, but the statute under which it exists expressly provides that the liability of the former corporation attaches to it and may be enforced against it to the same extent as if it had been incurred by it. As previously pointed out, the liability here is an action for libel, a part of which is based upon Code § 105-2002 authorizing additional damages to deter the wrongdoer from repeating the trespass.

Counsel for the plaintiff in error contends that there is no vested right in a claim for damages in a tort action, including punitive damages, and cites as authority for this position *Kelly* v. *Hall,* 191 *Ga.* 470 (12 S. E. 2d, 881) ; Carson *v.* Gore-Meenan Co., 229 Fed. 765(2) ; U. S. *v.* Standard Oil Co. (D.C. Cal.) 21 Fed. Supp. 645 (26) ; Standard Oil Co. *v.* U. S., 107 Fed. 2d, 402; Gibbes *v.* Zimmerman, 290 U. S. 326 (54 Sup. Ct. 140, 78 L. ed. 342) ; Crane *v.* Hahlo, 258 U. S. 142 (42 Sup. Ct. 214, 66 L. ed. 514) ; 16 C.J.S., p. 678, § 256. This rule is recognized. However, Code (Ann. Supp.) § 22-1844, supra, when applied to this

case, relates to the nature of the liability of the resulting corporation as well as the rights of third persons. It follows, therefore, that although there is as a general rule no vested right in such damages, by the express terms of this statute the liability of the former corporation, whatever it may be adjudicated to be has become the liability of the resulting corporation.

The judgment of the trial court overruling the motion of the plaintiff in error to strike the previous order substituting the name of the plaintiff in error for the Atlanta Journal Company and in refusing to strike paragraph 35 of each count of the petition, was without error.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. MacIntyre, P.J., and Gardner, J., concur.*