35621.  CARGILL, INC. *v.* WILLIAM ARMSTRONG SMITH COMPANY.

DECIDED MAY 2, 1955.

*A. A. Baumstark, A. Mims Wilkinson, Jr.,* for plaintiff in error. *Paul B. Huckeby, Harold Sheats,* contra.

24

NICHOLS, J. The agreement of merger set forth in the petition shows that the defendant would receive all the assets of Dixie Printing Ink Company and would assume all of its liabilities and obligations. Under Sec. 19 of the act of 1938 (Ga. L. 1937-38, Ex. Sess., pp. 214, 232; Code, Ann. Supp., § 22-1844), when two corporations merge, "the separate existence of the constituent corporations shall cease and the merging or consolidating corporations shall become a single corporation, in accordance with the said agreement, possessing all the rights, privileges, powers, franchises and immunities . . . and all other things in action of or belonging to each of said corporations shall be vested in the resulting corporation; . . . and all debts, liabilities, and duties of the respective former corporations shall thenceforth attach to said consolidated corporation and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred by it."

The petition shows that the corporation which breached the contract with the plaintiff's assignor was merged into and became a part of the defendant corporation. Therefore, under the act of 1938, supra, the plaintiff was entitled in law to enforce against the defendant, the resulting corporation in the merger hereinbefore referred to, the claim which it had against Dixie Printing Ink Company, the separate existence of which ceased by the merger. See *Atlanta Newspapers* v. *Doyal,* 84 *Ga. App.* 122 (65 S. E. 2d 432). Accordingly, the petition set forth a cause of action against the defendant, and the trial court erred in sustaining the general demurrer.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*