HENDERSON *et al. v.* SAPP, administrator, *et al.*

GILBERT, J. 1. The claims of plaintiffs in error are not, as contended, charges on the estate of James H. Lowery because the money borrowed was expended or used for the preservation of the estate during the occupancy and use of the property by Margaret J. and James K. Lowery. The money expended by the creditors, the plaintiffs in error, was not an advancement to the estate, but was, at most, a loan to Margaret J. and James K. Lowery.

2. The judgment of the court was not erroneous. Whether, under the will, Margaret J. and James K. Lowery took an absolute fee-simple title, or a defeasible fee, or a life-estate only, the estate of the testator, James H. Lowery, was not chargeable with the debts contracted by Margaret J. and James K. Lowery, payment of which was demanded of the administrator of James H. Lowery.

*Judgment affirmed. All the Justices concur.*
No. 3662. NOVEMBER 17, 1923.

Equitable petition. Before Judge Tarver. Whitfield superior court. January 19, 1923.

Sapp, as administrator de bonis non upon the estate of James H. Lowery, filed a petition praying for direction as to the distribution of the estate. The will recites: " I give and bequeath to my daughter, Margaret J. Lowery, and my son, James K. Lowery, jointly, all my real and personal property that I may own at my death. If the said Margaret J. or James K. Lowery wish to sell any of the property, it must be sold with the free consent of both

parties; one cannot sell without the consent of the other. If there is any of the property remaining at their death, it must be equally divided between my other children." James K. Lowery died in 1915, and Margaret J. Lowery died in 1921. The petition recites that while they were in life and in possession of the testator's estate they became indebted upon two promissory notes, one for $275 payable to Effie Lowery, and the other for $130 payable to Cora L. Henderson; that after the death of James K. Lowery, Margaret J. Lowery became indebted to W. H. Bartenfield for services rendered and supplies furnished; and that the moneys so advanced were used for the purpose of paying taxes, assessments, and repairs on the realty, and for the protection thereof against sale to satisfy said taxes, assessments, etc., and to preserve the property from decay. The answer admitted the relationship of the parties and the provision of the will as alleged, but denied or demanded proof of other allegations of the petition. By agreement the matter was submitted to the court without the intervention of a jury. The only evidence offered was that of Bartenfield, that the moneys advanced by him were expended in payment of insurance premiums, taxes, grocery, coal, drug and repair bills; that "I lived with James K. and Margaret Lowery as one of the family. Sometimes she would send me to pay various items of expense, such as taxes, insurance, grocery bills, etc. If she did not have enough money I would use my money to pay the difference. I think the amount I claim represents about the amount furnished by me. I didn't keep any account of it or take any note or transfer of the tax executions, because I never expected to get it. When I got receipts for the various amounts I would take them and turn them over to her, including the tax receipts."

The court held that the will of James H. Lowery gave to James K. and Margaret J. Lowery "a life-estate with power of disposition, with remainder over to the other children of J. H. Lowery in all property not disposed of at the death of Margaret and James K. Lowery," and that the various claims mentioned "are not proper charges against the estate of J. H. Lowery, nor equitable liens against the remainder interest of the children of J. H. Lowery other than Margaret J. and James K. Lowery in said estate;" and directed distribution of the estate accordingly, to the heirs of James H. Lowery, to the exclusion of said debts. To this decision

Cora L. Henderson, Effie Lowery, and W. H. Bartenfield excepted, assigning error because that the court should have held and adjudged that their several claims were valid charges upon the assets in the hands of the administrator, and should be paid by him before said assets were distributed to the heirs.

*G. G. Glenn, J. C. Mitchell,* and *Maddox, McCamy & Shumate,* for plaintiffs in error.

*J. A. McFarland* and *Murray & McCalla,* contra.