22119. TELFORD *et al.,* executors, *v.* QUILLIAN *et al.*

DECIDED MAY 10, 1932.

*Wheeler & Kenyon,* for plaintiffs.

*Ed Quillian, J. B. Jones,* for defendants.

LUKE, J. The petition in this case is substantially as follows: "The petition of J. H. Telford and R. T. Kenimer . . shows:

"1. Petitioners are the duly appointed and qualified executors of the estate of R. T. Kenimer, deceased, and bring this suit as such.

"2. The defendants . . are J. C. Quillian, G. M. Quillian

and D. T. Quillian, doing business as a partnership under the name and style of J. C. Quillian and Brothers, and all of said defendants are residents of Hall County, Georgia. . .

"3. Said defendants are indebted to petitioners as executors of the estate of R. T. Kenimer in the principal sum of $3600, besides interest, attorney's fees and cost upon a promissory note, copy of which is hereto attached, marked Exhibit A. . ."

4. (Avers the giving of written notice to claim attorney's fees.)

"5. Defendants have failed and refused to pay the balance due on said note. . .

"Wherefore petitioners pray that process issue and be served upon the defendants in terms of the law, requiring each of them to be and appear at the next term of this court to answer this complaint, and that judgment be rendered in favor of petitioners and against the defendants for the principal, interest, attorney's fees and costs. . ."

Omitting some of its formal parts, and the stipulations in regard to attorney's fees and the waiver of homestead, the note declared upon is as follows:

"One year after date [December 12, 1924] we promise to pay to R. T. Kenimer or bearer five thousand dollars for value received, with interest from date at 7 per cent. per annum, payable annually. . .

"Witness our hands and seals.

> "J. C. Quillian & Bros. (L. S.)
> "G. M. Quillian. (L. S.)"

On the back of the note are certain credits which it is not necessary to set out.

Said petition was filed on January 27, 1931, and on the same day process was issued requiring "the defendants, J. C. Quillian & Bros., G. M. Quillian, D. T. Quillian, and J. C. Quillian . . to be and appear at the next City Court on the 3d Monday in February next . . to answer the plaintiffs' demand in an action of complaint. . ."

On January 28, 1931, G. M. Quillian was served personally with the petition and process, and on the same day D. T. Quillian was served by having a copy of the petition and process left at his most notorious place of abode. It also appears that J. C. Quillian was served personally. It further appears from the record that on De-

cember 5, 1931, there was an entry nunc pro tunc by the sheriff of Hall county reciting that on January 28, 1931, he "served the defendant, J. C. Quillian & Bros., with the within petition and process by delivering copy of same to George M. Quillian in person, and by serving D. T. Quillian with copy of same by leaving same at his most notorious place of abode in said county."

We quote from the bill of exceptions as follows: "At the regular February term, 1931, of said court the appearance docket was called, and, no answer or defense of any kind having been filed by any of the defendants in said case, the same was marked in default on the docket. Thereafter it was agreed that no judgment be taken at the May term, 1931, of said court. On September 13, 1931, George M. Quillian died, and on the first Monday in October, 1931, the last will and testament of George M. Quillian, deceased, was duly probated in the Court of Ordinary of Hall County and Ed Quillian was duly appointed and qualified as executor of the estate of George M. Quillian." "On the 16th day of November, 1931, during the regular November term of said court, the plaintiffs filed a petition upon which a rule nisi was issued requiring Ed Quillian, as executor of the estate of George M. Quillian, to show cause why he should not be made a party to said case in lieu of the deceased defendant, George M. Quillian. . . On the 18th day of November, 1931, Ed Quillian as executor filed his answer to said rule, claiming that the application for said rule nisi was prematurely brought, and that he could not be made a party to said case until after the expiration of twelve months after his appointment as such executor." On November 28, 1931, the court adjudged that "the executor of the estate of George M. Quillian has twelve months from his qualification as such executor before he can be made a party to this suit, and the rule nisi . . is hereby dismissed." To this judgment plaintiffs duly excepted. The bill of exceptions continues: "After the foregoing order was entered, plaintiffs moved for a judgment against the defendant partnership and the surviving defendants. Whereupon the judge took the matter under advisement until December 5th, 1931." (Here the record mentions the fact that said entry of service nunc pro tunc on said partnership was made on December 5, 1931.) Plaintiffs then introduced the original note declared upon, and it was admitted by all parties that George M. Quillian died on September 13, 1931; that an order had

been taken suggesting his death of record; that the last will of George M. Quillian had been duly probated on the first Monday in October, 1931; and that on said date Ed Quillian had qualified and been duly appointed as executor of said will. "Whereupon plaintiffs renewed their motion for a judgment against the defendants, J. C. Quillian and Brothers, and D. T. Quillian and J. C. Quillian, as surviving partners. After argument of counsel for both sides, the court took the matter under advisement again, and on December 12, 1931, entered an order denying plaintiffs' motion for judgment against the partnership or against either of the surviving members of the partnership. To this judgment . . the plaintiffs excepted, and now except and assign error thereon, . . and say that the court should have then and there entered up judgment against the partnership and against D. T. Quillian and J. C. Quillian as surviving members of the partnership for the full amount sued for in said case."

In *Tanner* v. *Hinson,* 155 *Ga.* 838, 841 (118 S. E. 680), this language appears: "There are two methods by which the executor or administrator of a dead defendant can be made a party in his stead. One is by scire facias, which can only be issued after the expiration of twelve months from the probate of the will, or the grant of letters of administration. Civil Code (1910), § 5599. The other is by a rule nisi. Sections 5601, 5602. In *Ham* v. *Robinson,* 146 *Ga.* 442 (91 S. E. 483), this court said: 'Inasmuch as the statute (Civil Code, § 4015) exempts an administrator or executor (Civil Code, § 3892) from suit for twelve months after his qualification, and the procedure to make parties by scire facias permits the plaintiff to proceed after the expiration of twelve months from the probate of the will or the granting of letters of administration, it would seem that if the course authorized by sections 5601 and 5602 be pursued, the motion should be made after the twelve months has expired.'"

We are of the opinion that the foregoing cases correctly interpret the code sections having reference to the making of partes in cases like the one at bar, and that the trial judge properly ruled that the executor of the will of George M. Quillian could not be made a party to the suit until the expiration of twelve months from his qualification as such executor, and properly dismissed the rule nisi.

We quote here from the judgment of December 12, 1931: "It is

adjudged by the court that the plaintiffs are not entitled to a judgment against the partnership nor against the surviving members of the partnership in the absence of an amendment making the partnership a party defendant, and in no event can a judgment be had until after the expiration of twelve months from the date of the qualification of the personal representative of the estate of George M. Quillian."

In connection with this phase of the case we will state that it nowhere appears from the record that there was any order of the court allowing the aforementioned nunc pro tunc entry of service as to the partnership. The Civil Code (1910), § 5623, lays down this rule: "In all cases which have been or may be commenced in any of the courts of this State against two or more defendants, one or more of whom have died or may die pending said case, it shall and may be lawful for the plaintiff or complainants to suggest said death of record, and to proceed, in the trial of said case or cases, against the surviving defendant, to the extent of their respective liabilities." In *Crapp* v. *Dodd*, 92 *Ga.* 405 (3) (17 S. E. 666), it is said: "When a suit is pending against a partnership composed of three members, and one of them dies, upon his death being suggested of record, the case may proceed without further order against the other two partners as survivors."

Under the foregoing authorities, we hold that the trial judge erred in refusing to allow the plaintiffs in the instant case to prosecute their case to judgment against the surviving defendants, J. C. Quillian and D. T. Quillian, without further delay.

*Judgment reversed. Broyles, C. J., and Jenkins, P. J., concur.*