### 25057. JONES *v.* WOMACK, executrix.

DECIDED JULY 11, 1936.

*Walter A. Sims, J. W. Plunkett Jr.,* for plaintiff. *Neely, Marshall & Greene* and *Edgar A. Neely Jr.,* for person at interest.

*John M. Slaton, James J. Slaton,* for defendant.

BROYLES, C. J. While riding in an automobile driven by J. P. Womack in the State of Mississippi, Theodore Evans was killed when the car plunged over an embankment. J. P. Womack also was killed. Within less than a year after the death of Womack and within less than a year after his widow qualified as executrix of his estate, Maude Jones, the mother of Theodore Evans, brought suit against the executrix in Fulton County, Georgia, the residence of the executrix, for damages on account of the death of Evans, alleging that his death was caused by the negligence of Womack. The petition set out a statute of Mississippi which provided, in part, that such an action must be brought within one year from the death of the alleged wrong-doer. The defendant demurred to the petition on several grounds; but the order of the judge stated that "paragraph 1 of the demurrer is sustained and plaintiff's petition is dismissed solely upon the ground that the

same was brought within less than twelve months from the date of the qualification of the executrix. Other grounds of the demurrer are not passed upon." The plaintiff assigns error on this judgment.

The question to be determined by this court is whether the suit is premature, and it must be considered in the light of two fundamental principles of law: 1st. The rights of the parties are governed by the lex loci, and the procedure by the lex fori. 2d. If, in a case tried in this State, there be a conflict as to the procedure between a Mississippi statute and a Georgia statute, the statute of our own State will prevail. The Code, § 113-1526, provides that "no suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification." And the same law applies to executors. § 113-1101. The petition alleges that the defendant is "indebted" to the plaintiff. The plaintiff, however, contends that the claim is not a "debt" that would bar the commencement of this suit within the foregoing limitation period. Is the tort claim in this case a "debt" within the meaning of the above-quoted statute? If so, the suit can not be legally commenced until the expiration of twelve months from the qualification of the executrix. The intent of the lawmaking body in passing this act should be carried out, and this intent is largely shown by the object to be attained. The object of the act, so far as we can ascertain it from a study of the act itself and of the decisions of our courts, is to give the administrator or executor twelve months to familiarize himself with the condition of the estate, to protect him from having to pay out assets of the estate during this period of limitation, and to give him an opportunity to administer the estate in accordance with the priority statute. True, as has been stated, the priorities could be adjusted in a court of equity; but equity will not intervene where the law is adequate, and the trouble and expense of going into a court of equity should be avoided where it can be done. The law seeks to avoid a multiplicity of suits. In *Almond* v. *Mobley,* 40 *Ga. App.* 305, 311 (149 S. E. 293), it was held that notwithstanding the individual liability of a stockholder of an insolvent bank was fixed by statute, and was established for the benefit of all creditors, and "was subject to be enforced by execution issued by the superintendent of banks," "such execution is a form of suit,

and the liability sought to be enforced thereby is a debt due by the decedent, each within the meaning of the law to the effect that 'no suit to recover a debt due by the decedent' shall be commenced against the executor or administrator until the expiration of twelve months from his qualification. Accordingly, in the present case the levy of the execution upon property of the estate within twelve months from the qualification of the executor was premature and illegal, and the executor's objection thereto upon that ground, as made in the affidavit of illegality, should have been sustained." In the opinion Judge Bell, speaking for the court, said: "We can think of no just ground upon which this claim should be permitted to proceed, while others, perhaps of higher dignity, should be halted for the common good of those interested in the estate. To make an exception in such a case might tend to interfere with the executor in his duty in regard to priorities (Civil Code of 1910, § 4000), as well as to draw him into litigation without allowing him sufficient time to ascertain the condition of the estate or to acquaint himself with other facts pertinent to his trust." That decision was based on the holding in Mills v. Scott, 99 U. S. 25 (25 L. ed. 294), wherein it was held that "the right to sue [an administrator] was suspended during the twelve-months exemption period." In the instant case, as in the *Mobley* case, supra, the effect of the suit upon the executrix was "to draw [her] into litigation without allowing [her] sufficient time [as fixed by Georgia law] to ascertain the condition of the estate or to acquaint [herself] with other facts pertinent to [her] trust."

In *Telford* v. *Quillian*, 45 *Ga. App.* 257 (164 S. E. 228), it was held that an executor could not be made a party defendant in a suit "until the expiration of twelve months from the time of his qualification as such executor." The case of *Tufts* v. *Threlkeld*, 31 *Ga. App.* 452 (121 S. E. 120), shows that a tort (as in the instant case) is included among the claims covered by the Code, § 113-1526, which prevents the commencing of suits against an administrator or executor until the expiration of twelve months from his qualification. The second headnote of that decision is in part as follows: "Where, upon a suit for *personal injuries*, a true entry of personal service is made as to the defendant *tort-feasor*, who thereafter dies, the action does not thereby abate, and the

personal representative of the deceased tort-feasor, *after the lapse of the twelve-months' exemption from suit,* may be properly made a party defendant in his stead." (Italics ours.) That the purpose of this act, exempting an executor from suit for twelve months, *is to give the executor an opportunity to ascertain the* condition of the estate and prevent his being forced to pay out the assets of the estate during that time, is also shown by those decisions which hold that certain actions can be brought within the twelve-months limitation. In *Lanfair* v. *Thompson,* 112 *Ga.* 487, 491 (37 S. E. 717), it was held that a suit against an administrator to cancel a deed could be brought before the expiration of twelve months, because suits of that character "do not come even within the spirit of the old law, which was *intended* to. give the legal representative twelve months in which to *ascertain the condition of the estate before he could be compelled to pay out any assets that might .come into his hands."* (Italics ours.) This decision, rendered in 1900, while the provisions of the Code section were in force, specifically stated the *intent* of the act. A successful prosecution of the instant case, commenced before the expiration of twelve months from the qualification of the executrix, would compel her to pay out assets of the estate, in violation of this Code section. In *Adder Machine Co.* v. *Hawes,* 152 *Ga.* 826 (111 S. E. 188), it was held that a suit in trover to recover an adding machine, "wherein a recovery for the hire and value of the property involved is expressly waived," is not a suit to recover a debt due by the decedent. The petition in that case, as originally drawn, set up that the value of the machine was $310 and of the yearly value of $100; but when the defendant administrator pleaded the twelve-months exemption, the plaintiff "amended its petition by striking therefrom its claim for hire or yearly value of the property." The court in the opinion said: "The action of trover and bail, by amendment of the petition by the plaintiff, was converted into a plain suit of trover for the recovery of the property itself, wherein no recovery was sought for hire or for the value of the property. . . The Civil Code (1910), § 4015 [1933, § 113-1526], provides: 'No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification,' etc. A trover suit for the recovery alone of the property therein men-

tioned is not a 'suit to recover a debt due by the decedent,' and it is only where the suit is to recover a debt that the exemption applies." That decision shows that it is based on the ground that "no recovery was sought for hire or for the value of the property" which might *compel the administrator to pay out any assets of the estate;* and the plaintiff apparently recognized the soundness of this principle since it struck "its claim for hire or yearly value," and sought only a recovery of the property. Of course, if the plaintiff were the true owner of the property there is no reason in law or good morals why an administrator should retain possession of the property, to which the estate is not entitled, for an entire year, to the detriment of the true owner. Mrs. Walker T. Lee, who has a case pending against the defendant, through her counsel files a brief as amicus curiæ, and cites and relies on the case of *McElhaney* v. *Crawford,* 96 *Ga.* 174 (22 S. E. 895), to sustain the position that the claim in the instant case is not a debt which would prevent the filing of suit within the twelve-months limitation. Different interpretations have been put upon the word "debt" as it is used in different statutes. Any particular word or words of a statute should be construed in connection with the other language therein, and with a view of carrying out the intent of the statute. In the *McElhaney* case it was held that an action for libel "was not such a 'debt' against the estate of the decedent as would prevent his widow, as sole heir at law, from taking possession of his estate without administration." We are convinced that this ruling applies only to the word "debt" as it is used in the Code, § 113-903(1), which provides that "upon the death of the husband without lineal descendents, the wife is his sole heir, and upon the payment of his debts, if any, may take possession of his estate without administration." The court did not hold that the libel suit was not a "debt," or that it was a debt which would not prevent institution of a suit within twelve months from the qualification of the executrix; but it confined itself to a ruling that it "was not *such* (italics ours) a 'debt' against the estate of the decedent as would prevent his widow . . from taking possession of his estate without administration;" thus construing the meaning of the word "debt" as it is used in § 113-903, and making no reference to § 113-1526, as to suits being filed within twelve months. As stated by the court in the *Almond* case, supra,

"the word 'debt' as used in this section [§ 113-1526] should be understood in its ordinary signification, and not in a technical sense;" and so construing it, we are constrained to hold that the alleged debt in the instant case is such a debt as could compel the executrix, if she failed to prevail in this suit, to pay out the assets of the estate within the period of exemption and before the expiration of the time allowed her under the law to ascertain the condition of the estate; and consequently the suit should not have been commenced until the expiration of twelve months from her qualification as executrix. The court did not err in sustaining paragraph 1 of the demurrer, and in dismissing the action "solely upon the ground that the same was brought within twelve months from the date of the qualification of the executrix." If the judgment dismissing the petition is right for any reason, even though the wrong reason be assigned therefor, the judgment will be sustained; but since the court assigned a correct reason for dismissing the petition, and based the dismissal solely upon that ground, it is unnecessary to consider the other grounds of demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*