## BIGGERS v. HALL.

No. 12543. OCTOBER 13, 1938.

*John Camp Davis,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.
GRICE, Justice. The brief for plaintiff in error begins as fol-

lows: "This was a suit in ejectment, based for its merit on the proposition that a sale under power of attorney in a security deed made on the fourth day of July was void because had on a holiday. There was no other question involved." It was distinctly held, in *Hamer* v. *Sears*, 81 *Ga.* 288 (6 S. E. 810), that a judgment rendered on the fourth day of July is not void; and in *Lumpkin* v. *Cureton*, 119 *Ga.* 64, that there is no law in this State which renders a sheriff's sale invalid because made on that day. At common law, even contracts made on Sunday were not invalid. *Hayden* v. *Mitchell*, 103 *Ga.* 431, 440 (30 S. E. 287); *Southern Railway Co.* v. *Wallis*, 133 *Ga.* 553, 555 (66 S. E. 370, 30 L. R. A. (N. S.) 401, 18 Ann. Cas. 67). If the exercise of the power of sale on July fourth, a legal holiday, be void, it is so because of some statute. We know of none that is applicable. Plaintiff in error's contention is this: That the debtor was permitted to pay off the debt on the very morning of the fourth of July, and thus to have prevented the sale of her property that day; and that under the law she had until the day next after the holiday in which to make the payment. In support of his contention counsel cites only section 194 of the negotiable-instruments law, which declares that "Where the day, or the last day, for doing any act herein required or permitted to be done falls on Sunday or on a holiday, the act may be done on the next succeeding secular or business day." Code, § 14-105. The quoted provision of the statute is inapplicable to the situation presented by this record. As applied to the act of payment, "the next succeeding" day means the day next after the day that the payment is due. The debt in the instant case may have been due, for aught that appears, twelve months before the advertisement was begun. This record is silent as to the due date of the debt to secure which the deed containing the power of sale was executed. It would, we think, pervert the meaning of the statute to give the section the meaning contended for.

*Judgment affirmed. All the Justices concur.*