HOLCOMBE *v.* STAUFFACHER, executrix, *et al.*

No. 15499.   JULY 3, 1946.

40

*Drennan & Brannon, John D. Humphries Jr., Mitchell & Mitchell,* and *William G. Grant,* for plaintiff.

*Scott, Wiggins, Grizzard & Smith,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) "All property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Code, § 113-801. "The assent of the executor may be express or may be presumed from his conduct." Code, § 113-802. Since there is a presumption that executors will perform their duties and will thus take care of estates entrusted to them (*Wilson* v. *Aldenderfer*, 183 *Ga.* 760, 189 S. E. 907), where nothing else appears, the assent of an executor to a legacy may be presumed or implied from possession of the property by the legatee. *Lewis* v. *Patterson*, 191 *Ga.* 348, 353 (12 S. E. 2d, 593), and citations.

Counsel for the defendant in error recognize the above principle, but insist that no assent is implied from possession when the legatee is also the personal representative of the estate. In *Citizens Bank of Vidalia* v. *Citizens & Southern Bank*, 160 *Ga.* 109, 116 (127 S. E. 219), it was said: "When the devisees and executors are the same persons, and the devisees dispose of the land in their individual capacity, the assent of the executors to the legacy will be presumed. *Thursby* v. *Myers*, 57 *Ga.* 155; *Vanzant* v. *Bigham*, 76 *Ga.* 759; *Belt* v. *Gay*, 142 *Ga.* 366 [82 S. E. 1071]." By analogy the same rule would apply where the devisee and the executrix are the same person, and where the devisee remained in possession of the land for five years, during which time she returned it for taxation as her individual property.

Applying the above principles of law to the facts of the present case, the evidence was sufficient to make an issue of fact for determination by the jury as to whether the wife as an individual had accepted the life estate, and as executrix had assented to the devise. If the wife as an individual accepted the life estate, and she as executrix assented to the devise, the title went out of the estate and the remainder interest immediately vested. *Watkins* v. *Gilmore*, 121 *Ga.* 488 (49 S. E. 598).

Whether or not the evidence was sufficient to establish that the judgment for a year's support was void on account of fraud in its procurement, need not here be determined. *Ellis* v. *Hogan*, 147 *Ga.* 609 (95 S. E. 4). If the property set aside as a year's support was not a part of the estate of the testator at the time the judgment for year's support was obtained, the judgment would not

42

attach to such property, but would be void as applied ·thereto. *Johnson* v. *Blackshear,* 196 *Ga.* 652 (1b) (27 S. E. 2d, 316).

It follows that the trial judge erred in directing a verdict in favor of the defendant.

The instant case is distinguishable by its facts from *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299), where the property did not pass from the estate upon the executor's assent to the devise to the widow, but the fee-simple title remained in the executor and was to be sold by him and the proceeds of the sale were to be used as specified in the will.

*Judgment reversed. All the Justices concur.*