THORNTON, executrix, *et al.* v. HARDIN *et al.*

No. 16579.  APRIL 13, 1949.

*B. H. Manry* and *Gloria Ann Clark*, for plaintiffs.

*Williams & Freeman*, for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The defendants demurred to the petition as amended, on the ground, among others, that the petitioner neither as executor nor as life tenant had any interest in the three remainder interests which were sold by the sheriff, and that she had no right to complain, as she was not a party to the attachment proceeding.

"All property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Code, § 113-801. "The assent of the executor may be express or may be presumed from his conduct." § 113-802. Where the devisee and the executrix are the same person, and the devisee remains in possession of the real estate for a number of years, during which time she exercises acts of ownership, the assent of the executrix to the devise will be presumed. *Belt* v. *Gay*, 142 *Ga*. 366 (3) (82 S. E. 1071); *Citizens Bank of Vidalia* v. *Citizens & Southern Bank*, 160 *Ga*. 109 (1a) (127 S. E. 219); *Holcombe* v. *Stauffacher*, 201 *Ga*. 38 (38 S. E. 2d, 818). Accordingly, where it is alleged in

the petition that the testator devised to the executrix all of his property for and during her natural life, that the United States Bankruptcy Court in 1924 set apart to her a homestead in the life estate, that she as executrix had continued in possession of the lands described in the sheriff's deed for more than 40 years, and that the defendants were interfering with her rights in the management and enjoyment of the property both as an executrix and individually, and the petition does not affirmatively deny that the executrix had assented to the devise of the life estate in her favor, it must be taken that such assent was given.

The assent of an executrix to a devise to a life-tenant inures to the benefit of the remaindermen, and after such assent the vested interest of the remaindermen is subject to levy and sale, though the life-estate be not terminated. *Pound* v. *Faulkner*, 193 *Ga.* 413 (5) (18 S. E. 2d, 749).

The petitioner alleged that the United States Bankruptcy Court set apart to her as a homestead 310 acres of the 628 acres of land described in the sheriff's deed. However, all that the bankruptcy court could give the petitioner would be a part of what she already had, namely, a part of the life estate which she had in the estate of her husband; and accordingly, if the land set aside as a homestead was a part of the land in which the three-sixths interest in remainder was sold in the attachment proceeding, it did not affect or purport to sell the petitioner's homestead in the life estate. In other words, if the petitioner owned a homestead in the life estate, and the sheriff's deed conveyed the three-sixths remainder interest in the land, such a deed could, under no circumstances, be a cloud upon the title to the homestead in the life estate. *Clark* v. *Woody*, 197 *Ga.* 683 (30 S. E. 2d, 181).

The allegations of a pleading are to be construed most strongly against the pleader, when attacked by demurrer. The demurrer admits only the facts, and not the legal conclusions drawn therefrom by the pleader. *Lee* v. *Atlanta*, 197 *Ga.* 518 (29 S. E. 2d, 774). While the petition alleged that the defendants had filed an injunction suit against her son, thus enjoining him from cutting even fire wood off of any of the land, the only relief prayed for was cancellation of the sheriff's deed as a cloud upon the petitioner's title, and that the defendants be enjoined from attempting to take possession of the property or changing the status of

the record titles. The petition did not allege that any of the defendants were attempting to take possession of the property or that they were threatening to cut any timber. The instant petition when stripped of its legal conclusions, viz., that the defendants were interfering with the petitioner's rights wilfully and unlawfully, in the management and enjoyment of the property both as an executrix and individually, sets forth no allegations of fact to authorize the grant of any relief for which the petitioner prays.

Since the rights of the petitioner were not affected by the attachment proceeding, it is unnecessary to decide whether or not that proceeding and the sheriff's deed were void for any of the reasons set forth in the petition.

It follows that the auditor properly sustained the general demurrer to the petition as amended, and the trial court did not err in approving such finding, and in dismissing the petition.

The assignment of error on other findings by the auditor can not be considered, since his action in sustaining the general demurrer to the petition left no pleadings in the case, and all subsequent proceedings were necessarily nugatory. *Crawford & Ashby* v. *Carter,* 146 *Ga.* 526 (3) (91 S. E. 780); *Bullard* v. *Bullard,* 202 *Ga.* 769 (4) (44 S. E. 2d, 770); *Watkins* v. *Jacobs Pharmacy Co.,* 48 *Ga. App.* 38 (2) (171 S. E. 830).

*Judgment affirmed. All the Justices concur.*