DUMAS *v.* BURLEIGH *et al.*

No. 17846. Submitted May 13, 1952—Decided June 10, 1952— Rehearing denied July 15, 1952.

*Jas. H. Dodgen* and *H. E. Edwards*, for plaintiff in error.

*E. E. Moore Jr.* and *R. E. Thomas Jr.*, contra.

HEAD, Justice. On general demurrer the allegations of a petition are to be construed most strongly against the pleader. The demurrer admits only the facts well pleaded, and not the legal conclusions of the pleader. *Lee* v. *City of Atlanta*, 197 *Ga.* 518, 520 (29 S. E. 2d, 774) ; *Whitfield* v. *Whitfield*, 204 *Ga.* 64 (48 S. E. 2d, 852) ; *Thornton* v. *Hardin*, 205 *Ga.* 215, 218 (52 S. E. 2d, 841). The petition in this case, construed in its entirety, when stripped of all conclusions of the pleader, 'is insufficient to withstand the general demurrers.

The petition does not allege that the debt was not due and in default at the time the sale was had. It is not alleged that the sale was not properly advertised, nor fairly conducted. The allegation that the property was sold on a legal holiday is insufficient to void the sale. A sale of property in this State under the power of sale contained in a deed to secure debt is not void because the sale is had on a legal holiday. *Biggers* v. *Hall*, 186 *Ga.* 886 (199 S. E. 208).

The petition alleges that the sale could only divest the equity of redemption of the plaintiff, but it is denied that the plaintiff's equity was sold. No facts are alleged to support the contention that the sale did not divest the plaintiff of her equity in the property. Applying the rule that the petition must be construed most strongly against the plaintiff on demurrer (and since copies of the deed executed by the plaintiff are not attached and made a part of the petition), it is not shown that the sale was not in full compliance with the powers, terms, and conditions of the deed to secure debt.

"It is well settled in this State that, where a landlord proceeds against a tenant under the Code, §§ 61-301, 61-302, the tenant may arrest the dispossessory warrant by filing a counter-affidavit and tendering a bond under section 61-303, and, in the absence of an intervening equity, the tenant's defenses against the dispossessory warrant can not be urged in a proceeding in equity to enjoin the dispossessory warrant." *Imperial Hotel Co.* v. *Martin*, 199 *Ga.* 801, 803 (35 S. E. 2d, 502), and cases cited.

The petition in the present case does not allege any fact tending to show that the remedy provided by law would not be adequate, if a dispossessory proceeding should be brought by the defendants against the plaintiff.

Any contention that the plaintiff is entitled to an accounting by the defendants for any moneys that may have been paid on her debt by Morrow, is without merit. She procured Morrow to make such an agreement, and no reason is given why she can not obtain from him a full and complete statement of moneys that he may have paid on her debt.

There is another general rule of law applicable to the petition. Under the maxim that "he who would have equity must do equity," the party seeking equitable relief must have paid or tendered the amounts due, and must have done so before filing suit, unless the tender be executed upon some equitable ground. *Williams* v. *Fouché,* 157 *Ga.* 227, 229 (121 S. E. 217) ; *Harton* v. *Federal Land Bank of Columbia,* 187 *Ga.* 700 (2 S. E. 2d, 62) ; *Clisby* v. *City of Macon,* 191 *Ga.* 749 (13 S. E. 2d, 772). The petition fails to show any legal or equitable reason for the plaintiff's failure to tender the amount due on her debt prior to the filing of her suit, and her petition fails to state a cause of action for any relief sought.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*