19169. FELTS *et al. v.* DAVIS.

HAWKINS, Justice. 1. Where, as in this case, a promissory note secured by deed is payable in instalments due on the 1st day of each month, and contains a provision that "It is agreed that time is of the essence of this contract and that in the event of default in the payment of any such instalment, such default not being made good prior to the due date of the next such instalment, the holder of this note may, without notice, exercise the option of treating the remainder of the debt as due and collectible," and where the payment due July 1, 1955, was in default, and was not "made good *prior* to the due date of the next such instalment," which was August 1, 1955, but was tendered *on* that date, the holder of the note was authorized to treat the remainder of the debt as due and collectible, notwithstanding the 31st day of July, 1955, fell on Sunday. The provision of the Negotiable Instruments Law, contained in Code (Ann. Supp.) § 14-105, that "Where the day, or the last day, for doing any act in this Title required or permitted to be done falls on Sunday or on a public, legal and/or religious holiday, the act may be done on the next succeeding secular or business day," has no application to the situation presented by this record, since the payment of the instalment in default "prior to the due date of the next such instalment" was not an act "in this Title required or permitted to be done," but was a matter of contract between the parties, and the parties to a legal contract have the right to rely upon its terms. See *Biggers* v. *Hall,* 186 *Ga.* 886 (199 S. E. 208).

2. Under the foregoing ruling, the trial judge did not err in refusing to enjoin the holder of the note from declaring the entire balance of the debt due and payable, and from advertising and selling the property under the power of sale contained in the security deed.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1955—DECIDED JANUARY 9, 1956.

*Colley & Orr*, for plaintiffs in error.

*E. R. Lambert, Hardin & Lynn, Walton Hardin*, contra.