39265. HARTFORD ACCIDENT & INDEMNITY COMPANY v. COHRAN et al.

DECIDED APRIL 26, 1962—REHEARING DENIED MAY 11, 1962.

16

*Poole, Pearce & Hall, Martin H. Rubin,* for plaintiff in error.
*Shirley C. Boykin, Wm. P. Johnson,* contra.

CARLISLE, Presiding Judge. On May 16, 1957, the Ordinary of Carroll County, Ga., appointed Edmond Preston Taylor administrator of the estate of R. O. Taylor, deceased. The administrator administered the estate, the properties of which were located in Carroll County, and on May 27, 1958, he filed a petition in the Court of Ordinary of Fulton County, Ga., removing the proceedings from Carroll County to Fulton County. Thereafter, on July 14, 1958, he procured a discharge from the Ordinary of Fulton County, and on July 23, 1958, Mary Cohran, Rufus Taylor, J. C. Taylor, Mrs. Maude Cheek and Mrs. Gladys Jacobs, styling themselves as the heirs at law of R. O. Taylor, filed a petition in the Court of Ordinary of Fulton County to set aside the discharge theretofore granted Edmond Preston Taylor as administrator. On the same day the ordinary sanctioned the petition and ordered the administrator and his bondsman to show cause before him on August 14, 1958, why the prayers of the petition should not be granted. This petition alleged various devastavits on the part of the administrator in administering the estate, including certain discrepancies in his final return, the payment of the sum of $4,932.18 to a real estate auction company for the sale of the various properties of the estate, the payment of $525 in audit fees, said sums being in excess of the administrator's commission which was also charged against the estate and the further overcharge of commissions in the amount of $541.11. It was alleged that the expenditure of these sums was unnecessary and unreasonable and should not be allowed.

On August 14, 1958, the Ordinary of Fulton County passed an order which recited that after hearing from both parties and after argument of counsel for plaintiff and the defendant and upon consideration of the records filed in the case, it was adjudged that the discharge theretofore granted Taylor as administrator be revoked and set aside and the estate reopened for all purposes. It was further provided in the order that the peti-

tioners (heirs) as objectors to the return of the administrator were permitted to file objections to the return within twenty days, said objections to be served on counsel for the administrator, and by agreement of counsel hearing on said objections was set for September 29, 1958. On the same day the administrator appealed to the Superior Court of Fulton County. After the case was transmitted to the superior court the objectors amended their petition, and the case came on for trial before a judge and a jury on February 1, 1960. At the conclusion of the trial on February 8, 1960, the judge submitted thirteen issues to the jury, on three of which the court directed the jury to find against the administrator and on three of which the court directed the jury to find in favor of the administrator. With respect to the other issues, the jury found against the administrator as to the commissions paid the auction company and against him as to the fee paid to an accountant for auditing work, and against him as to the alleged excessive commissions charged. The administrator and his surety filed a motion for a new trial which they subsequently amended by the addition of numerous special grounds. The trial court overruled that motion and the exception here by the surety alone is to that judgment. In the brief of counsel before this court only four of the issues presented by the grounds of the motion for a new trial are argued and insisted upon. The opinion and decision of this court will therefore be limited to a decision of those issues only.

One of the contentions of the plaintiff in error here is that the superior court, on hearing the appeal, had no jurisdiction to determine any issue except the correctness of the judgment of the ordinary vacating and setting aside the order discharging the administrator and reopening the estate for all purposes. An appeal from the court of ordinary, like other appeals to the superior court, is a de novo investigation. It brings up the whole record from the lower court and all relevant issues which could have been tried before the original tribunal may be tried on the appeal. *City of Griffin v. Southeastern Textile Co.*, 79 Ga. App. 420, 427 (53 SE2d 921). In the instant case, the record shows that in the order passed by the ordinary on the petition of the heirs to set aside and revoke

the administrator's discharge, it was provided that the objectors (heirs) would have twenty days from the date of the order to file their objections to the discharge, and the ordinary further provided therein that "by agreement of counsel" the hearing on said objections would be had on September 29, 1958. This order was entered on August 14, 1958. On the same day the administrator and the plaintiff in error herein filed their appeal to the superior court, thus invoking that court's jurisdiction to try all the issues in the case. Whether or not the case was at that time ripe for appeal (see *Hartley v. Holwell,* 202 Ga. 724, 44 SE2d 896), the plaintiff in error, in joining in the appeal, nevertheless, invoked the jurisdiction of the superior court to decide the issues without affording the ordinary the opportunity to decide them pursuant to the agreement of counsel. The opposing parties consented to this action by entering into the trial of the case in the superior court without objecting to its removal from the court of ordinary. This procedure brought the case squarely within the terms of Art. VI, Sec. VI, Par. I of the Constitution (*Code Ann.* § 2-4101) and distinguishes this case from the *Hartley* case, supra, where the appellee objected to the jurisdiction of the superior court and never consented to the removal of the case from the ordinary's court. It is interesting to note in passing that this constitutional provision seems to confer jurisdiction of the subject matter on the superior court by consent of the parties contrary to the general rule prevailing in other cases. Cf. *Langston v. Nash,* 192 Ga. 427, 429 (2) (15 SE2d 481).

Regardless of whether or not under the ruling announced in the *Hartley* case, supra, the administrator and his surety, after filing an *appeal,* had the right to have the question to be decided on the appeal limited to whether the discharge theretofore granted the administrator by the ordinary should be vacated and set aside, he was estopped to raise that question after the trial judge in a pre-trial order had held that the principal issues were, "(a) whether or not the discharge should be set aside, and (b) if so, the liability of the administrator, if any, becomes an issue for determination." Neither the administrator nor the surety excepted to this order but put the objecting heirs to the trouble and expense of trying the case in the superior court and merely sought, by

motion, to have the judge in his charge to the jury limit the issue to whether or not the discharge should be set aside. Having passed the pre-trial order, the court properly overruled the administrator's motion to limit the issues. *City of Savannah v. Monroe*, 22 Ga. App. 285 (1) (96 SE 500) ; *Bryan Bank v. Carter*, 57 Ga. App. 519 (196 SE 228).

■ The petition filed by the heirs in the court of ordinary showed several irregularities in the administration of the estate. The ordinary issued the rule nisi as prayed and on the appointed day entered an order setting aside the discharge theretofore granted the administrator and reopening the estate for all purposes. This order was the judgment appealed from to the superior court. While it may be conceded that the jurisdiction of the superior court on appeal from the court of ordinary is no greater than the jurisdiction of the ordinary (*Strickland v. Strickland*, 99 Ga. App. 531, 532, 109 SE2d 289), yet such jurisdiction is certainly no narrower than the jurisdiction of the ordinary. The ordinary had jurisdiction on a petition filed at the same term at which he granted the discharge to set aside the discharge on a petition merely showing irregularities in the administration. *Morris v. Johnstone*, 172 Ga. 598 (8), 608 (158 SE 308). On appeal the same discretion was vested in the jury in the superior court, and unless the evidence demanded a finding that there was fraud, the question of whether the discharge would be set aside on the ground of irregularities in the administration should be left to the jury. It follows that the judge erred in directing the jury to so find. A showing of fraud was not, however, essential to authorize the jury to set aside the discharge.

■ The third assignment of error which is insisted upon in this court is that contained in ground 5 of the motion for new trial. This assignment of error complains because the court directed the jury to return a verdict against the administrator with respect to the compromise of the so-called "Huff" note. The record shows that this note was in the amount of $1,701.37, and was sold by the administrator for the sum of $1,300. The court directed the jury to return a verdict against the administrator for this item for the sum of $401.37.

The burden is on one asserting error to show error. *Yarbrough v. Stuckey*, 39 Ga. App. 265, 270 (147 SE 160). The direction of the verdict for this item was proper if the compromise of this note was not effected strictly in accordance with the requirements of *Code* § 113-1515. *Ponce v. Wiley*, 62 Ga. 118. That Code section requires that *before* such a compromise may be made the ordinary shall first make an order directing it, and that the administrator upon making his return to the ordinary shall make oath that such settlement was made in good faith and to the best interests of the estate. This ground of the motion wholly fails to show that the proper oath was made or that an order directing the compromise was entered by the ordinary. Neither does it aver that such facts appear from the record, and this court will not undertake an aimless search of a voluminous record to ascertain whether the evidence showed these essential facts, but will assume that it did not show such facts since this ground of the motion fails to allege that it did. It follows that this assignment of error fails to show that the judge erred in directing the verdict against the administrator on this issue.

■ The final issue presented by the assignments of error in this court relates to whether or not the administrator had any standing in the trial of the issues in the superior court to show that the extra amounts charged the estate as commissions to Johnson Land Co. for the sale of the various properties of the estate of R. O. Taylor and the fees paid to Elizabeth O. Brown for accounting work were proper items of expense. These issues are raised by several grounds of the motion for a new trial assigning error on portions of the judge's charge restricting the jury to a finding in favor of the administrator only upon his showing that he had an agreement from all of the heirs to incur these extra expenses and by other grounds of the motion assigning error on rulings of the court refusing to permit the administrator to prove that these expenses were reasonable and necessary under the circumstances.

As compensation for his services an administrator is allowed a commission of two and one-half percent on all sums of money received by him on account of the estate and a like commission

on all sums paid out by him, either for debts, legacies or distributive shares, and such commissions are a part of the cost of administration. *Code* § 113-2001. Under the provisions of *Code* § 113-2008 the administrator may be allowed additional compensation for extraordinary services, and under § 113-2009 he may also be authorized to pay the expenses of employing such agents as he finds necessary to employ for the estate. The allowance of such extra compensation to the administrator and the allowance of expenses for employing agents can only be made after a showing to the ordinary and a finding by him of the necessity therefor. *Bird v. Mitchell,* 101 Ga. 46, 54 (3) (28 SE 674); *Davidson v. Story,* 106 Ga. 799, 802 (1) (32 SE 867). But, where the case is one of appeal from the court of ordinary brought to the superior court to review the ordinary's action in approving or disapproving the administrator's acts in dealing with the estate, and where the proceeding in the superior court takes upon itself the nature of a general accounting and winding up of the estate, that court has jurisdiction to allow or not to allow these items of expense on the same basis as the ordinary would have had. *Gairdner v. Tate,* 110 Ga. 456, 458 (1) (35 SE 697); *Adair v. St. Amand,* 136 Ga. 1 (6) (70 SE 578).

These issues could have been tried before the ordinary and though he had not, prior to the discharge of the administrator, passed upon the propriety of extra compensation to the administrator or the propriety of the expenses of employing agents he could within his discretion upon a proper showing have allowed these expenses after the entire administration was reopened by the order setting aside the discharge. With respect to this issue, the administrator could, in a hearing before the ordinary, have introduced any relevant evidence which tended to show that these expenses and charges were reasonably necessary to the prudent and sound administration of the estate, and the ordinary would have been authorized in his discretion to allow them at that time solely on the basis of this showing that they were necessary and proper. Furthermore, the administrator could have shown that some or all of the heirs had agreed with the administrator as to the propriety and the necessity of these expenses but the ordinary would not have been bound to

allow them merely on this latter showing. It was, therefore, error for the judge of the superior court to refuse to permit the administrator to prove the necessity for this extra expenditure and to so charge the jury as to exclude from their consideration the existence of such necessity. Accordingly, the assignments of error in special grounds 6, 7, 8, 9, 10 and 11 were meritorious and the trial court erred in overruling them.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*