41691.   ROGERS v. ROGERS, Executor.

Argued January 5, 1966—Decided February 14, 1966—
Rehearing denied March 23, 1966—

*William L. Preston, Terrell W. Benton, Jr., Foster & Fudge, Norman H. Fudge,* for appellant.

*D. M. Pollock, Marvin W. Sorrells, H. O. Godwin, Ernest P. Rogers,* for appellee.

HALL, Judge. The account of Cliff Rogers totaled $19,839.92 and included numerous items of taxes and other expenditures paid to or on behalf of the testator's widow and executrix. The petitioner demurred to this account on the ground that the items "represent payments made by Cliff Rogers, individually for and on behalf of the life tenant; and upon the death of the life tenant the estate is not liable for her debts." The same issue that this demurrer presents was decided by the Georgia Supreme Court in *Henderson v. Sapp,* 156 Ga. 768 (120 SE 421). That case held that an estate was not chargeable with debts contracted by life tenants in possession of an estate under a will giving them "a life estate with power of disposition, with remainder over to the other children of [the testator] in all property not disposed of at the death of [the life tenants]," and affirmed a judgment directing the administrator to distribute the estate to the exclusion of claims of creditors for loans made and credit extended to the life tenants for the purpose of paying taxes and assessments and for repairs to preserve the realty, insurance premiums, groceries, coal, and drugs. Cf. *Biggers v. Gladin,* 204 Ga. 481, 496 (50 SE2d 585); *Perkins v. First Nat. Bank,* 221 Ga. 82, 91 (143 SE2d 474).

The item of the return designated "services rendered, 4 years, @ $1,000.00 per year—$4,000.00," was shown by the executor's pleadings to be services rendered during the four years preceding the death of the testator's widow, in caring for her and for the

property which she was managing and using as the life tenant under the terms of the will giving her the right to use the income and corpus of the property as necessary for her support. The appellant demurred to this item on the ground that the court was without jurisdiction to allow compensation for services rendered by Cliff Rogers prior to his appointment as successor executor.

The Georgia law provides for commissions for representatives of estates and for extra compensation that may be allowed by the ordinary, or by the superior court on appeal, for services of the executor that were reasonable and necessary to the sound administration of the estate. *Code* §§ 113-2001—113-2008; *Hartford Acc. &c. Co. v. Cohran,* 106 Ga. App. 14, 21 (126 SE2d 289). The law also provides for "expenses of such agents as the administrator finds it necessary to employ for the estate" as necessary expenses of administration. *Code* § 113-2009. The return and pleadings of the successor executor in this case do not show that the claim for services is in either of these categories of allowable charges against estates in administration. And under the holding in *Henderson v. Sapp,* 156 Ga. 768, supra, they are not allowable. See 34 CJS 149, § 387; 151, § 389; 21 Am. Jur. 670, § 514.

The trial court erred in overruling demurrers numbered 2 and 3. It is not necessary to pass on the remaining enumerations of error.

*Judgment reversed with direction that the superior court enter judgment in accordance with this decision. Nichols, P. J., and Deen, J., concur.*

### ON MOTION FOR REHEARING.

The respondent contends that the petitioner admits in his petition that there was an estate in administration, of which the respondent was presently executor, and that this amounted to an admission that the deceased executrix did not assent to delivery of the property to the life tenant. It is true the will appointed the respondent executor "if for any reason my said wife, herein appointed executrix, should become incapacitated, or decline to act as such and/or in the event of death," and the plaintiff sued him as executor of the last will and testament of T. P. Rogers. The contentions of the parties in this case are somewhat vague,

but we understand the ground of the petition to be that the defendant has been appointed as executor of the testator's will and has improperly made some sales of property in the testator's estate. We do not construe the pleadings to admit that the respondent is lawfully in possession of any of the testator's property.

This court does not have jurisdiction to decide upon the construction of a will. Constitution of the State of Georgia, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704). However, we are of the opinion that the respondent's contention that the testator's widow had power as executrix, but not as life tenant, to dispose of the testator's property for her support is not sound. In the item of the will conferring powers on the executrix, the power to sell property without notice or order of court is limited by the provision that "it be necessary to provide funds for her support and maintenance during her lifetime." If the will were construed to establish a trust in which the executrix was trustee and the testator's widow beneficiary, the trust would not be effective because the trustee and beneficiary would be the same person. To us it appears that the testator's widow as life tenant had the power to dispose of the entire estate for her support. And it seems to us that under this will the only authority the executrix had after paying claims of creditors was to deliver the property remaining to herself as life tenant. Therefore, the only need for the estate to be in the hands of the widow, in the capacity of executrix, at her death was that there were claims of creditors against the testator then unpaid. The executor's return shows no such claims, but only claims that the executor makes individually for payments to or expenses incurred for the widow since the testator's death, which under *Henderson v. Sapp,* 156 Ga. 768, supra, are not recoverable. The pleadings show that the will was probated 15 years before the death of the testator's appointed executrix. This fact creates a presumption that the executrix had assented to the devise of the life estate. *Code* § 113-802; *Shipp v. Gibbs & Spence,* 88 Ga. 184 (14 SE 196); *Holcombe v. Stauffacher,* 201 Ga. 38, 41 (38 SE2d 818); *McGahee v. McGahee,* 204 Ga. 91, 94 (48 SE2d 675); *Thornton v.*

*Hardin,* 205 Ga. 215, 217 (52 SE2d 841). The respondent's pleading and return allege no facts contradicting this presumption. *We adhere to the judgment of reversal.*