42553. GIDDENS et al. v. SUMNER et al.

Argued January 4, 1967—Decided March 13, 1967.

*Robinson, Thompson, Buice & Harben, B. Carl Buice*, for appellants.

*Telford, Wayne & Greer, Jeff C. Wayne*, for appellees.

Felton, Chief Judge. 1. The judgment of the trial court denying the plaintiff's motion for summary judgment, although the only judgment, ruling or order appealed from, is reviewable in this court. *Undercofler v. Grantham Transfer Co.*, 222 Ga. 654 (151 SE2d 765).

2. "No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of 12 months from his qualification." *Code* § 113-1526 (Ga. L. 1799, Cobb, 472). A claim for unliquidated damages in a tort action is such a "debt." *Jones v. Womack*, 53 Ga. App. 741 (187 SE 285); *Atlanta Newspapers, Inc. v. Doyal*, 84 Ga. App. 122, 126 (65 SE2d 432). A discharge by the court of ordinary of the administrators within the 12 months exemption period of *Code* § 113-1526 would have the effect of permanently barring the right of action of the plaintiff tort claimants against the administrators for damages for injuries allegedly caused by the decedent's negligence—a result clearly against public policy. Such a discharge, therefore, would constitute an irregularity sufficient to demand the re-opening of the estate, even if the discharge was obtained in accordance with all the requirements of *Code Ch.* 113-23 as to notice, hearing, etc., a showing of fraud not being essential. *Hartford Accident &c. Co. v. Cohran*, 106 Ga. App. 14, 15 (2) (126 SE2d 289).

3. While it does not appear in the record that the alleged order of the court of ordinary, discharging the defendant administrators prior to 12 months from their qualification, was before the superior court in the trial of the defendants' de novo appeal from the judgment of the court of ordinary setting aside the above order, there remained in the case the issues of the existence and the date of the alleged order, the allegations as to which were denied by the defendants' answer. However, since both parties concede that the administrators were discharged

prior to 12 months from their qualification it would be a gesture of futility to try an issue which admittedly does not exist. Therefore we reverse the judgment denying the motion for a summary judgment.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*