*Candler, Cox, McClain & Andrews, A. Orville Bracey, III, Arthur Gregory,* for appellees.

## 44950. ANDREWS et al. v. POLLARD.

HALL, Presiding Judge. The plaintiff widow brought an action for the wrongful death of her husband (*Code* § 105-1302) against two defendants. The death allegedly arose out of an automobile collision which occurred February 22, 1969. The plaintiff is also the executrix of her husband's estate. The defendants filed a motion to make the plaintiff, as executrix of her husband's estate, a party to the pending case as an involuntary plaintiff under *Code Ann.* § 81A-119 (a). As an exhibit to the motion, both defendants set forth counterclaims against the estate of the plaintiff's husband for damages arising out of the same automobile collision. The motion alleges that the issues of law and evidence of negligence are the same in all cases. It prays in the alternative that if the executrix of the estate is not made a party, the plaintiff's action be abated until such time as the executrix may be made a party in the pending action. The plaintiff contended that the motion and counterclaims were premature under *Code* § 113-1526. This appeal is from an order of the trial court dismissing the defendants' motion and counterclaims. The order was certified for review by the trial judge.

In our opinion, the trial court did not err in dismissing the defendants' motion and counterclaims. "There are no exceptions stated in *Code* § 113-1526 to the rule that an action

to recover a debt due by the decedent shall not be commenced against the administrator of the estate of such decedent until the expiration of 12 months from his qualification." *Hayes v. Strickland,* 112 Ga. App. 567, 570 (145 SE2d 728). "A claim for unliquidated damages in a tort action is such a 'debt.'" *Giddens v. Sumner,* 115 Ga. App. 382, 383 (154 SE2d 891).

As to the defendants' contention that the plaintiffs' action should be abated under equitable principles to avoid multiplicity of actions until the epiration of the 12-month period, neither the Civil and Criminal Court of Coweta County nor this court has equitable jurisdiction.

*Judgment affirmed. Deen and Evans, JJ., concur.*

SUBMITTED JANUARY 12, 1970—DECIDED JANUARY 28, 1970.

*Henry N. Payton,* for appellants.

*Sanders, Mottola, Haugen & Wood, Charles L. Goodson,* for appellee.