674

45155.   SUBLUSKEY  et al.  v.  FUDGE,  Administrator.

ARGUED MARCH 4, 1970—DECIDED APRIL 7, 1970—
REHEARING DENIED APRIL 16, 1970—

*Candler, Cox, McClain & Andrews, E. Lewis Hansen, George M. Bobo,* for appellants.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, Lee Hutcheson,* for appellee.

HALL, Presiding Judge. Several different rules of law come into play here. First, one who has a tort claim for personal injuries is allowed two years from accrual in which to bring an action. *Code Ann.* § 3-1004. Second, a tort claimant cannot file a lawsuit against an administrator until 12 months from his qualification. *Code* § 113-1526; *Jones v. Womack,* 53 Ga. App. 741 (187 SE 285); *Andrews v. Pollard,* 121 Ga. App. 69 (172 SE2d 857). The petitioners here, even had they known of the administration, would have had a bare two months to file suit before the estate was closed. Third, a creditor of an estate is not required to give notice of his claim within the six months following publication; he merely loses his right to an equal participation with creditors of equal dignity. If assets remain when no claims of higher dignity are unpaid, the assets must be appropriated to pay the debt. *Code Ann.* § 113-1505. Here, all other creditors have been paid and there is an undistributed asset. An automobile liability insurance policy is considered an asset of an estate justifying the appointment of an administrator. If it were not, many claims would be precluded for lack of a defendant. *Berry v. Smith,* 85 Ga. App. 710 (4) (70 SE2d 62). Fourth, an administrator may, upon conclusion of his duties, be discharged by the court of ordinary and relieved from liability as such. *Code* §§ 113-2301, 113-2302.

The petitioners have followed the proper procedural steps to reopen the estate. *Morris v. Johnstone,* 172 Ga. 598 (158 SE 308); *Phoenix Mut. Life Ins. Co. v. Daniel,* 46 Ga. App. 129 (167 SE 117). The issue is whether the court of ordinary and superior court erred in denying their motion on the grounds of delay.

We have, therefore, a case in which two principles of law come into conflict: the need for finality in the administration of an estate and the right of an injured person to bring an action within two years of its accrual.

This appears to be a case of first impression in Georgia, and

the lines of authority for each of the rules discussed above are of limited assistance. This type of case often presents "a choice between different rules which logically fit all past decisions but logically dictate conflicting results in the instant case. Logic provides the springboard, but it does not guarantee the success of any particular dive." Cohen, Ethical Systems and Legal Ideals, 34, 35 (1959).

We find persuasive the reasoning in a nearly identical case from North Carolina. "Petitioner had a right to present his claim for the alleged wrongful death of his intestate in a court of law against a representative of the Miles estate. . . In seeking to have the clerk set aside his order discharging the administratrix . . . it was not necessary for petitioner to surcharge the final account of the administratrix . . . or to show evidence of fraud, mismanagement or mistake . . . because petitioner's claim was not included or necessarily in- volved in her final accounting, and further, because until peti- tioner's unliquidated claim had been disposed of, it cannot be held that the Miles estate has been completely settled. . . We do not believe the right of petitioner can be defeated merely because the administratrix . . . has filed her so-called final account and been discharged, when . . . petitioner . . . commenced the action to recover damages for wrongful death within the statutory period. . . [M]ere delay of petitioner in commencing his action . . . which does not amount to a bar of the statute of limitations, does not of itself constitute laches, where the delay has not worked an injury or prejudice or disadvantage to the administratrix. . ." In re Miles' Es- tate, 262 N. C. 647, 652 (138 SE2d 487). Substantially similar conclusions were reached in Mississippi and Illinois. See Powell v. Buchanan, 245 Miss. 4 (147 S2d 110); In re Palmer's Estate, 41 Ill. App. 2d 234 (190 NE2d 500).

"Laches is not, like limitations, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced, an inequity founded on some intermediate change in conditions." *Equitable Building &c. Assn. v. Brady,* 171 Ga. 576, 585 (156 SE 222); *Hornsby v. Rodriguez,* 116 Ga. App. 234 (156 SE2d 830). We have found no evidence here of some

intermediate change which would result in injury or prejudice to the administrator if the discharge were set aside and the estate reopened for the sole purpose of administering the liability insurance policy by allowing the prosecution of this claim.

The court of ordinary and the superior court erred in denying petitioners' motion. If there is some valid reason why Fudge should not be reinstated, the court can appoint some other person as administrator de bonis non for the undistributed asset.

*Judgment reversed. Deen and Evans, JJ., concur.*